# THE CITY OF CHICAGO

*v.*

## WILLIAM BLAIR.

*Filed at Ottawa March 31, 1894.*

1. SPRINKLING STREETS—*paying expense by special assessment.* The municipal authorities in cities and villages organized under the general law for the incorporation thereof, have no power to provide that the cost of sprinkling the streets shall be paid by special assessment. The sprinkling of streets is not a local improvement, within the meaning of the statute authorizing cities and villages to make local improvements by special assessment.

2. The power of a city or village to provide for the sprinkling of streets by special assessment is not expressly given, nor does it arise, by implication, from the powers expressly conferred, nor is it essential to the declared objects and purposes of the corporation.

3. LOCAL IMPROVEMENTS—*character—method of payment—discretion of municipal authorities.* The method of construction, the material used, and whether it shall be treated as a local improvement, to be paid for in whole or in part by special assessment or special taxation, or is to be paid for out of the general revenues of the city or village, are matters resting within the legislative discretion of the municipal authorities. Improvements authorized to be made by this species of taxation are public improvements.

4. An attempt by the municipal authorities to declare a purely private work a local improvement, within the meaning of the statute, would be *ultra vires.* A local improvement, within the meaning of the statute, is a public improvement which, by reason of its being confined to a locality, enhances the value of adjacent property, as distinguished from benefits diffused by it throughout the municipality.

5. The power of a city council to declare what shall be local improvements is necessarily implied from the power to make the same. But this implication can arise only in respect of improvements which cities and villages are authorized to make by special assessment or special taxation.

6. SAME—*basis of special assessment and special taxation.* The only basis upon which either special assessment or special taxation can be sustained is, that from the proposed local improvement the property subject to the tax or assessment will be enhanced in value to the extent of the burdens imposed. Therefore, if it appears from an inspection of the ordinance, and from the nature of the work proposed, that the

market value of the adjacent or abutting property will not be increased thereby, it, as a matter of law, will not be a local improvement, within the meaning of the statute.

7. On the other hand, if the property is or may be benefited by the improvement, the extent of such benefit, and hence the amount to be assessed upon the property in proceedings for special assessment, is a question of fact, to be determined in the mode prescribed by the statute.

8. MUNICIPAL CORPORATIONS—*authority must be strictly pursued.* The authority of a municipality to impose burdens upon persons or property is wholly statutory, and where its exercise may result in divestiture or transfer of property, the right to exercise it must be clear and strictly pursued. This rule also applies to proceedings under the taxing power, including special assessment and special taxation.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This was a proceeding to confirm a special assessment upon the property of appellee and others, for local improvement of the street upon which the property was situated. The objectors appeared in the county court and filed objections, which, among other questions raised, deny the power of the city to make the assessment for the purposes designated in the ordinance. The ordinance provided that the roadway of certain named streets, between specified points thereon, should be sprinkled with water four times a day during the period commencing April 15, 1893, and ending November 15, 1893, the first sprinkling, each day, to be completed before 9 o'clock A. M., the second between 9 A. M. and 12 M., the third between 12 M. and 3:30 P. M., and the fourth between 3:30 P. M. and 6 P. M., there being at least an hour's time between the sprinklings of any street. The ordinance then provides for the manner of sprinkling, and that it shall be at the rate of at least one gallon for every forty square feet of roadway, the work to be done under the superintendent of public works. Section 2 of the ordinance provides that said improvement shall be paid for by special assessment upon property benefited, in accordance with article 9 of the Cities and Villages

act.    Section 3 appoints commissioners to make an estimate
of the cost of said improvement, including labor, materials,
and all other expenses attending the same, and the cost of
making and levying the assessment, etc.    The commissioners
appointed, returned an estimate as follows:

Cost of the improvement  -  -  -  -  -  -  -  - $12,000.80
Inspection and superintending  -  -  -  -  -  -    360.00
Cost of making and levying assessment -  -  -    370.00
                Total cost  -  -  -  -  -  -  -  -  -  - $12,730.80

—Which was approved by the city council.    A petition was
filed in the county court for the appointment of commission-
ers to extend the assessment upon the property benefited.
Commissioners were appointed who returned an assessment
roll, apportioning said cost upon property by them deemed
specially benefited by the proposed improvement.    On motion
of objectors the assessment was annulled by order of the court
and the petition dismissed.    The city appeals.

Mr. ADOLPH KRAUS, Corporation Counsel, Mr. M. W. ROB-
INSON, and Mr. F. W. C. HAYES, for the appellant.

Messrs. WILSON, MOORE & McILVAINE, for the appellee.    The
following attorneys were also for the appellee:  George H.
Taylor, Young, Makeel & Bradley, Montgomery & Montgom-
ery, Runyan & Runyan, Walker, Judd & Hawley, Winston &
Meagher, Wolseley & Heath, C. S. Darrow, A. W. Pulver,
W. J. Hynes, Mason Bros., J. R. Geary, W. S. Hefferan,
D. H. Horne, J. F. Clare, A. Hertig, Osborne Bros. & Burgett,
W. A. Phelps, Bayley & Waldo, J. A. Peterson, W. T. Under-
wood, A. H. Tyrrell, Rich & Stone, Otis & Graves, R. B. Twiss,
Pedrick, Dawson & Clarke, N. N. Cronholm, H. W. Brandt,
Felsenthal, D'Ancona & Ringer, James Maher, C. M. Hardy,
C. H. Mitchell, C. M. Osborne, Ripley & Alling, Tatham &
Webster, E. U. Fliehman, F. B. Packard, Kirk Hawes, Cohrs
& Green, C. E. & D. G. Anthony.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The question presented by this record is, whether municipal authorities in cities and villages organized under the general law for the incorporation thereof, have power to provide that the cost of sprinkling the streets of the city or village shall be paid by special assessment. In other words, is the sprinkling of streets a local improvement, within the meaning of the statute authorizing cities and villages to make local improvements by special assessment.

Section 9, article 9, of the constitution, authorizes the General Assembly to vest corporate authorities of cities, towns and villages with power to make local improvements by special assessment or by special taxation of contiguous property, or otherwise, and in pursuance thereof the legislature has vested such authorities "with power to make local improvements by special assessment, or special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall, by ordinance, prescribe." It is contended that under this statute the corporate authorities alone are to determine what is and is not a local improvement, and they having determined, in this case, that the sprinkling of the streets designated in the ordinance was a local improvement, their decision is final, and not the subject of review. The case of *Louisville and Nashville Railroad Co.* v. *East St. Louis*, 134 Ill. 656, is cited in support of this contention. There the city passed an ordinance for the construction of a viaduct in one of the streets of the city, over the tracks of the railway, and also spanning Cahokia creek. The objection was, that the building of the viaduct in the street was "not a local improvement, within the meaning of the statute authorizing the levy of special assessments," and it was held, that the city being empowered "to lay out, establish, open, alter, widen, extend, grade, pave and otherwise improve streets," and "to construct and keep in repair bridges, viaducts and tunnels, and to regulate the use

thereof," (Rev. Stat. pars. 7-28, sec. 1. art. 5, chap. 24,) the city council had power to determine that the construction of the viaduct in the street was a local improvement, and to order the same to be paid for by special assessment. The language quoted by counsel was used in respect of the facts of that case, and as applied thereto was entirely accurate, but the decision can not be regarded as authority for the contention in this case.

The power of the city council to declare what shall be local improvements is necessarily implied from the power to make the same in the mode and by the means prescribed. But this implication can arise only in respect of improvements they are authorized to make by special assessment or special taxation. So long as the attempted exercise of the power relates to such public work as was within the legislative contemplation when giving the authority to the municipality, a reasonble exercise of the implied power in declaring such work a local improvement will be sustained. (*Bloomington* v. *Chicago and Alton Railroad Co.* 134 Ill. 451.) And in such cases, the method of construction, the materials used, and whether it shall be treated as a local improvement, to be paid for in whole or in part by special assessment or special taxation, or is to be paid for out of the general revenues of the city or village, are matters resting within the legislative discretion of the municipal authorities. (*Fagan* v. *Chicago*, 84 Ill. 227; *Louisville and Nashville Railroad Co.* v. *East St. Louis*, 134 id. 656.) Improvements authorized to be made by this species of taxation are public improvements, (Cooley on Taxation, 67-416; Burroughs on Taxation, 10, *et seq.; Davis* v. *Litchfield*, 145 Ill. 327,) and an attempt by the municipal authority to declare a purely private work a local improvement, within the meaning of the statute, would be *ultra vires,* and the courts would be compelled to so declare.

A local improvement, within the meaning of the statute, is a public improvement which by reason of its being confined

to a locality, enhances the value of adjacent property, as dis-
tinguished from benefits diffused by it throughout the munici-
pality.   The only basis upon which either special assessment
or special taxation can be sustained is, that from the proposed
local improvement the property subjected to the tax or assess-
ment will be enhanced in value to the extent of the burthen
imposed.  (Cooley on Taxation, chap. 20; Dillon on Mun.
Corp. 596; *Davis* v. *Litchfield, supra; Kuehner* v. *Freeport,* 143
Ill. 92; *Chicago* v. *Larned,* 34 id. 267; *Chicago* v. *Baer,* 41
id. 306.)  If, therefore, from an inspection of the ordinance
authorizing the making of the improvement, it appears from
the nature of the work proposed that the market value of
abutting or adjacent property would not be increased thereby,
as a matter of law it would not be a local improvement, within
the meaning of the statute, and no declaration of the corpo-
rate authorities could make it so.   On the other hand, if the
property is or may be benefited by the improvement, the
extent of such benefit, and hence the amount to be assessed
upon the property in proceedings for special assessment, is a
question of fact, to be determined in the mode prescribed by
the statute.   *DeKoven* v. *Lake View,* 131 Ill. 541.

It remains to consider whether the sprinkling of the streets,
as contemplated by the ordinance, is a local improvement that
may be made and the expense thereof paid by special assess-
ment upon adjacent property.  "It is," says Mr. Dillon, "a
general and undisputed proposition of law, that a municipal
corporation possesses and can exercise the following powers,
and no others : First, those granted in express words; second,
those necessary or fairly implied in or incident to the powers
expressly granted; third, those essential to the declared ob-
jects and purposes of the corporation,—not simply convenient,
but indispensable.  Any fair, reasonable doubt concerning the
existence of the power is resolved by the courts against the
corporation, and the power is denied."   Mun. Corp. (4th ed.)
sec. 8; *Wright* v. *Chicago,* 20 Ill. 252; *Elston* v. *Chicago,* 40

id. 514; *Cook County* v. *McCrea*, 93 id. 236. The authority to municipalities to impose burdens upon persons or property is wholly statutory, and where its exercise may result in divestiture or transfer of property, the right to exercise it must be clear, and strictly pursued. And this rule applies to proceedings under the taxing power, including special assessment and special taxation. *Davis* v. *Litchfield, supra.*

No express power is granted to make special assessment for the particular work proposed, but it is insisted, that as by clause 7, section 1, article 5, of the act, power is given "to lay out, open, alter, widen, extend, grade, pave and otherwise improve streets," etc., by the words "or otherwise improve," power is conferred upon the municipal authorities to determine what character of improvement, other than those enumerated, shall be made, and if they determine that the streets shall be sprinkled, it is therefore an improvement, within the meaning of article 9 of the act. This is a misapprehension. The city may, undoubtedly, in the sense in which the word "improve" is here used, repair the streets, sprinkle, sweep and cleanse them, as in their discretion the public necessity and convenience may require. But the term "local improvement," prior to the adoption of the constitution and passage of the act in question, had, by common usage, a well defined meaning, and it will be presumed to have been employed in the sense thus attributed to it. It was understood, as applied to a street, as signifying the improvement of the street, as such, and for the purposes for which it was designed, made in a particular locality, by reason of which the real property abutting or adjacent was specially benefited in its market value. (Cooley on Taxation, 109, 110; Dillon on Mun. Corp. 596, 597.) This court, in numerous cases decided before the adoption of the present constitution, as well as in many since, gave the like signification to the term. (*Canal Trustees* v. *Chicago*, 12 Ill. 403; *Higgins* v. *Chicago*, 18 id. 276; *Ottawa* v. *Macy*, 20 id. 413; *Lill* v. *Chicago*, 29 id. 31; *Larned* v.

*Chicago, supra; Chicago v. Baer, supra; Scammon v. Chicago,* 42 Ill. 193.) Further citation will be unnecessary. Used, as it is, in connection with special assessments, which are necessarily based upon the idea of equivalent benefits to the property owner, the idea of permanency in the improvement is necessarily involved,—that is, the benefit must flow from the actual or presumptive betterment of the street, and must be of such character as to enhance the market value of the property. *Kankakee Stone and Lime Co. v. Kankakee,* 128 Ill. 176.

It can not, we think, in any just sense, be said that street sprinkling is an improvement, within the contemplation of article 9 of the Cities and Villages act. In the nature of things, the sprinkling is only useful while the work is continued. In a few hours the beneficial effects are gone, and the property is worth no more than before the street was sprinkled.

It is insisted, however, that all improvements,—the building of sidewalks, the paving of streets, of however lasting material,—are evanescent, and in a few years, at most, will necessarily require renewing, and that it makes no difference whether it be water put upon the street, or wood or granite,— that all alike are but temporary in character. In a sense this is true, but not in a practical sense. It is common experience that well-paved streets and convenient and durable sidewalks, furnishing access to property, do, in fact, enhance its market value.

It is, however, insisted, that the sprinkling of the streets during the summer months renders the occupation of adjacent property more enjoyable and comfortable, and that therefore the property is enhanced in value. Doubtless the same result would follow by placing vases at convenient points on the street, to be filled every morning with fresh cut flowers; or by open air concerts, in which music should be selected with reference to the taste of the adjacent dwellers. So the

employment of an efficient police force, whereby greater safety was felt, would add to the enjoyment and comfort of persons residing upon the street. The proper watering and clipping of the grass upon lawn and terrace, the removal of garbage from the premises, besides saving expense to the occupant, would add to the enjoyment, and possibly the healthfulness, of the locality. These all might be improvements, and increase, while they continued, the desirability of property in their locality. But they are not improvements, either of the property or of the street, within the legislative contemplation when granting power to make local improvements by special assessment.

The tendency of municipal government to arrogate to itself power and to encroach upon the rights of the citizen has led to the establishment of the statutory rules of construction limiting its powers to those expressly granted, or arising, by reasonable and necessary implication, from the grant. It can not, we think, be assumed that the legislature intended, by the language employed, to confer power upon the municipality to require work of the class provided for in this ordinance to be done by special assessment, even though it be held to be public work which the municipality is authorized to perform. Such power does not arise, by implication, from the powers expressly conferred, nor is it essential to the declared objects and purposes of the corporation.

We are of opinion that the county court decided correctly in annulling the assessment and dismissing the petition, and its judgment will be affirmed.

*Judgment affirmed.*