ELIZA CRANE *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Filed at Ottawa October 30, 1894.*

1. TAXATION—*when it must be uniform.* All taxes not levied for local improvements are required by the constitution to be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

2. SAME—*repair of boulevard is not a "local improvement."* The maintenance and repair of a boulevard or pleasure way is not a "local improvement," within the meaning of article 9, section 9, of the constitution.

3. SAME—*act of June 17, 1893, void.* The act of June 17, 1893, which purports to confer upon park authorities power to levy a special tax upon contiguous property "for the maintenance and repair" of boulevards and pleasure ways, is unconstitutional and void.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. MASON B. LOOMIS, and Mr. WILLIAM E. MASON, for the appellants:

Section 9, article 9, of the constitution of 1870, is a limitation on the legislature. *Wilson* v. *Trustees,* 133 Ill. 443; *Madison County* v. *People,* 58 id. 463; *People* v. *Dupuyt,* 71 id. 657; *Gaddis* v. *Richland County,* 92 id. 119; *Kuehner* v. *Freeport,* 143 id. 92; *Updike* v. *Wright,* 81 id. 49; *Chicago* v. *Law,* 144 id. 569; *Hyde Park* v. *Spencer,* 118 id. 446.

The obligation to repair cannot be construed to embrace an obligation to pave anew or reconstruct a street. *District of Columbia* v. *Railroad Co.* 1 Mackey, 361; *Railroad Co.* v. *Savannah,* 30 Fed. Rep. 646; *Farrar* v. *St. Louis,* 80 Mo. 379.

Local assessments can only be constitutional when imposed to pay for local improvements clearly conferring special benefits on the property assessed, and to the extent of those benefits. They cannot be so imposed when the improvement is either expressed or proposed

to be for general public benefit.   *Williamsport* v. *Beck*, 128
Pa. St. 147; *Clay* v. *Grand Rapids*, 60 Mich. 451; *Hammet* v.
*Philadelphia*, 65 Pa. St. 146.

A city has not the constitutional power to require the
owner or occupant of premises to keep the sidewalks and
gutters in front thereof free from snow and ice.   *Gridley*
v. *Bloomington*, 88 Ill. 554; *Chicago* v. *O'Brien*, 111 id. 532.

Special taxes for local improvements, like special as-
sessments, are justified only on the ground that the sub-
ject of the tax receives an equivalent.   *White* v. *People*, 94
Ill. 617; *Craw* v. *Village of Tolono*, 96 id. 261; *Railroad Co.* v.
*Decatur*, 126 id. 97.

Mr. E. T. NOONAN, for the appellees :

The legislature may create a taxing district for a local
improvement, and impose on the property therein a special
tax to accomplish and keep such improvement in exist-
ence.   *William* v. *Cammack*, 27 Miss. 210 ; *Alcorn* v. *Harner*,
38 id. 652 ; *Pearson* v. *Zable*, 78 Ky. 170 ; *Baltimore* v. *Hughes*,
1 Gill & J. 493 ; *St. Louis* v. *Oeters*, 36 Mo. 456 ; *Litchfield* v.
*Vernon*, 41 N. Y. 133.

Legislation for special assessments for lighting exists
in several of the States.   *Jonas* v. *Cincinnati*, 18 Ohio, 318 ;
*Creighton* v. *Scott*, 14 Ohio St. 438.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of
the court :

This is a bill to enjoin the collection of a special tax,
by appellants, as owners of real estate fronting on cer-
tain boulevards in the town of West Chicago, under the
control of appellees, the West Chicago Park Commission-
ers.   The cause was heard on the bill and answer, and
the injunction denied.   Complainants below prosecute
this appeal.

The tax sought to be enjoined was levied by the park
commissioners upon each lineal foot of the several lots,
etc., contiguous to and abutting upon the boulevards, "for

the maintenance and repair" of such boulevards, under the act of the General Assembly, approved June 17, 1893, entitled "An act to authorize corporate authorities having jurisdiction and control of parks and boulevards to levy a special tax upon contiguous property abutting on boulevards and pleasure ways, for the maintenance and repair thereof."

The validity of the assessment is questioned, first, upon the ground that the statute under which it was made is unconstitutional. Section 9, article 9, of the constitution of 1870, is as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." That this section is a limitation upon the power of the legislature to authorize corporate authorities to levy special assessments or taxes, except for the purpose of making local improvements, cannot be made clearer than by repeating its own language. The first clause confers the power to authorize the making of local improvements by special assessments or special taxation, and the second expressly provides that taxes for all other corporate purposes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same, viz., general taxation. The first clause permits the legislature to authorize special assessments and special taxation for a particular purpose, and the second prohibits the conferring of such authority for any other purpose. It is also only because the first clause of this section modifies section 1 of the same article that the General Assembly can authorize the levying of a special tax upon contiguous property. For any other purpose than the making of

local improvements, taxes must, under section 1, "be by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or its property." *White* v. *People ex rel.* 94 Ill. 604.

The power, then, of the General Assembly to pass the statute in question depends upon whether the purpose for which it attempts to authorize the levy of a special tax is a "local improvement." As indicated by its title, the act is one intended to authorize the levy of a special tax to pay for the "maintenance and repair of boulevards and pleasure ways." The first section confers power upon boards of park commissioners to levy a tax upon each lineal foot of the several lots, blocks, pieces and parcels of land abutting on any boulevards, etc., but provides that such special tax shall not exceed twenty-five cents per lineal foot in any one year. The second section makes it the duty of the commissioners, on or before the 10th day of July in each year, to make a separate list or roll of the several lots, etc., to be entitled "Assessment roll ........ for the purpose of levying a special tax upon the real estate abutting on said boulevard, to pay the cost of maintenance and repair thereof for the year." It thus appears that the statute is in no sense intended to authorize the levy of a tax for the purpose of renewing an improvement or to re-improve a boulevard, but provides for an annual assessment, to be expended in the casual maintenance and repair thereof. Can it be said such a statute authorizes the making of a local improvement, within the meaning of the constitution?

In *City of Chicago* v. *Blair*, 149 Ill. 310, speaking of the meaning of the term "local improvement," we said : "Used, as it is, in connection with special assessments, which are necessarily based upon the idea of equivalent benefit to the property owner, the idea of permanency in the improvement is necessarily involved,—that is, the benefit must flow from the actual or presumptive betterment of the street, and must be of such character as to enhance

the market value of the property," and it was there held that an ordinance by the city providing for sprinkling streets, to be paid for by special assessment, was not authorized by the statute. The question there was, is the sprinkling of streets a local improvement, within the meaning of the statute authorizing cities to make local improvements by special assessment or special taxation, and it was held it was not. The decision in that case, and the reasoning upon which it is based, is full to the effect that the mere maintenance and repair of a street, as provided for by this act, is not a local improvement, within the meaning of the constitution. If this statute could be upheld, owners of property abutting on boulevards could be compelled, by special assessments or special taxation, to grade, pave or otherwise improve streets to the full amount of benefits conferred upon their property by such improvement, and, in case of special taxation, largely in excess thereof, and afterwards taxed in the same way, annually, to keep the improvement in repair. To give practical effect to the act, a special tax may be collected on abutting property to be expended in mere repairs, blocks or even miles distant from the property taxed.

Special assessments, says Judge Cooley in his work on Taxation, 606, "are made upon the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated, as regards a contemplated expenditure of public funds. * * * The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are made to bear the cost of a public work, are at the same time to suffer no pecuniary loss thereby, the property being increased in value, by the expenditure, to an amount at least equal to the sum they are required to pay. This is the idea that underlies all these levies." He also quotes with approval, in the same connection, the distinctions

between a general tax and local assessments, pointed out in *Macon* v. *Patty*, 57 Miss. 378, where, among other things, it is said : "A tax is a continuing burden, and must be collected at stated short intervals, for all time.   *   *   * A local assessment is exceptional, both as to time and locality.   It is brought into being for a particular occasion and to accomplish a particular purpose, and dies with the passing of the occasion and the accomplishment of the purpose."

It needs no argument to show that this statute wholly ignores this distinction.   It attempts to authorize the levy of a special tax, annually, to pay for incidental repairs, which may continue to be needed for all future time.   It was said by SHARSWOOD, J., in *Hammet* v. *Philadelphia*, 65 Pa. St. 155 : "Original paving of a street brings the property bounding upon it into the market as building lots.   Before that, it is a road, and not a street. It is therefore a local improvement, with benefits almost exclusively peculiar to the abutting property.   Such a case is clearly within the principle of assessing the lots lying upon it,   *   *   *   but when the street is once opened and paved, thus assimilated with the rest of the city and made a part of it, all the particular benefits to the locality derived from the improvements have been received and enjoyed.   Repairing streets is as much a part of the original duty of the municipality—for general good—as cleaning, watching and lighting.   It would lead to monstrous injustice and inequality should such general expenses be provided for by local assessments."   That case is in accord with what was said in *Blair* v. *City of Chicago*, *supra*, sustaining the view that to maintain and repair a street, as provided for in this statute, is not to make a local improvement, within the principles upon which special assessments can be levied.   See, also, 69 Pa. St. 352 ; *Clay* v. *Grand Rapids*, 60 Mich. 451 ; *Williamsport* v. *Beck*, 128 Pa. St. 147 ; *Tidewater* v. *Coster*, 18 N. J. Eq. 518.

We entertain no doubt that in the passage of this statute the General Assembly exceeded its constitutional power. The act is therefore void, and conferred no power upon appellees to levy the tax in question, and the circuit court should for that reason have enjoined its collection. In this view other questions raised become unimportant.

The decree below will be reversed, and the cause will be remanded, with directions to enter a decree according to the prayer of the bill.

*Reversed and remanded.*