·The Illinois Central Railroad Company

*v.*

The City of Decatur.

*Filed at Springfield October 30, 1894.*

1. Public improvement—*city authorities may declare what is.* City authorities may, with due reference to benefits, reasonably, declare what shall be local improvements, and their nature and character.

2. Same—*local improvement defined.* A local improvement is a public improvement, which, by reason of being confined to a locality, enhances the value of adjacent property, as distinguished from general benefits.

3. As applied to a street, such improvement signifies the actual or presumptive betterment of the street, and involves the idea of permanency.

4. Special taxation.—*Illinois Central Railroad Company not exempt from.* The right of way of the Illinois Central Railroad Company is not, by reason of the provisions of its charter, exempt from special taxation. *Illinois Central Railroad Co.* v. *Decatur*, 126 Ill. 92, followed.

Appeal from the County Court of Macon county; the Hon. William E. Nelson, Judge, presiding.

Outen & Page, and James Fentress, for appellant:

We insist it is not in the interest of justice to permit the declaration in an ordinance that a certain improvement is a local improvement, to be conclusive of the matter. It would certainly be sufficient to make such declaration *prima facie* evidence of the fact. Power should never be implied, further than is necessary, to the municipality, for the accomplishment of those things necessary for it. 1 Dillon on Mun. Corp. sec. 319; *Bloomington* v. *Railroad Co.* 134 Ill. 460.

This tax, we insist, is in violation of the contract in the charter of this objector, known as "An act to incorporate the Illinois Central Railroad Company." Laws of 1851, p. 61; *Canal Trustees* v. *Chicago*, 12 Ill. 403; *Mix* v. *Ross*, 52 id. 121.

Said charter is a valid and binding contract, and by its provisions the company is exempt from any tax by municipalities; and the exemption is not simply a relieving of the company from a burden, without right or consideration, but a "commutation," by which the company pays a valuable consideration for such exemption. *Railroad Co.* v. *McLean County*, 17 Ill. 291; *Neustadt* v. *Railroad Co.* 31 id. 484.

James M. Lee, for appellee:

On the point that the lands described in the special tax roll are parts of the right of way of said railroad, and therefore, by its charter, exempt, the attention of the court is invited to the following cases: *Railroad Co.* v. *Decatur*, 126 Ill. 92; *Railroad Co.* v. *Mattoon*, 141 id. 32; *Railroad Co.* v. *Decatur*, 147 U. S. 190.

As to the construction of the statute in regard to assessments by special taxation, and the proper mode of determining benefits in such cases, the attention of the court is called to the following decisions: *Enos* v. *Spring-*

*field,* 113 Ill. 65; *Railroad Co.* v. *Decatur,* 126 id. 92; *Railroad Co.* v. *Decatur,* 147 U. S. 190; *Sterling* v. *Galt,* 117 Ill. 11; *Springfield* v. *Green,* 120 id. 269; *Galesburg* v. *Searles,* 114 id. 217.

On the objection that the paving of said street is not a local improvement, and that appellant should have been allowed to introduce evidence upon this question, the court is referred to the following cases : *Cram* v. *Chicago,* 138 Ill. 56; *Galesburg* v. *Searles,* 114 id. 217; *White* v. *People,* 94 id. 64; *Bloomington* v. *Railroad Co.* 134 id. 451; *Craw* v. *Village of Tolono,* 96 id. 255.

MAGRUDER, J.: This is a proceeding by the City of Decatur, instituted by direction of the city council providing for the making of a local improvement in East Wood Street in that city by paving said street with brick from the east line of Franklin Street east to the west line of South Broadway Street and from the east line of Webster Street east to the west line of Peake Street in said city; and also providing, that the cost of said improvement shall be paid for by special taxation of the lots and parcels of land abutting upon said portions of said street upon both sides thereof along the line of said local improvement according to frontage, not including street and alley intersections and crossings ; and that the cost of said local improvement across all street and alley intersections and crossings shall be paid for by general taxation.    Appellant, whose right of way abuts upon the portions of the street embraced in the improvement, filed objections to the confirmation of the assessment roll. These objections were overruled, and judgment was rendered against the property set forth in the special tax roll.  This appeal is prosecuted from such judgment.

One of the objections discussed by counsel is, that the ordinance declares the improvement therein directed to be made to be a local improvement; and that the common council has no right to declare what is a local im-

provement.   The municipal authority cannot make such declaration arbitrarily and unreasonably and without reference to benefit.   (*City of Bloomington* v. *C. & A. R. R. Co.* 134 Ill. 451).   But the power of the city council or board of trustees to declare what shall be local improvements is necessarily implied from the power to make the same in the mode and by the means prescribed in the statute.   (*City of Chicago* v. *Blair*, 149 Ill. 310).   Under the statute such councils and boards are ·clothed with power to determine what the nature and character of the improvement of streets shall be.   (*Cram* v. *City of Chicago*, 138 Ill. 506; *Galesburg* v. *Searles*, 114 id. 217; *White* v. *People*, 94 id. 604).   A local improvement is "a public improvement which, by reason of its being confined to a locality, enhances the value of adjacent property, as distinguished from benefits diffused by it through the municipality." (*Chicago* v. *Blair*, *supra*).   As applied to a street, it signifies the actual or presumptive betterment of the street, and involves the idea of permanency.   (Idem).

   Another objection is, that the appellant is exempted by its charter from liability on account of special taxation, or special assessments.   This objection is not well taken, and is fully answered in the recent cases of *I. C. R. R. Co.* v. *Decatur*, 126 Ill. 92, and *I. C. R. R. Co.* v. *Decatur*, 147 U. S. Rep. 190.

   All the other objections urged by counsel are disposed of by the opinion of this Court in the case of *The Chicago and Alton R. R. Co.* v. *The City of Joliet*, 153 Ill. 649.

   The judgment of the County Court is affirmed.

*Judgment affirmed.*