CHARLES W. PAVEY, Auditor,

*v.*

HENRY M. UTTER.

*Filed at Springfield March 31, 1890.*

1. COMMISSION OF CLAIMS—*appointment of bailiff—by whom.* So much of paragraph 29 of section 1 of the "Act to provide for the ordinary and contingent expenses of the State government;" passed and approved May 25, 1889, as provides for the appointment of a bailiff for the Commission of Claims, is repealed by section 1 of the act of May 28, 1889, providing for the appointment of the Commission of Claims, which gives the appointment of such bailiff to the Commission of Claims.

2. REPEAL OF STATUTES— *by implication.* The repeal of laws by implication, as a general rule, is not favored. But if two acts are so inconsistent that they can not stand together, the later act must prevail. If obedience can not be rendered to both acts, the first must yield to the later one.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. GEORGE HUNT, Attorney General, for the appellant.

Messrs. BROWN, WHEELER & BROWN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 6th day of August, 1889, the Commission of Claims appointed Henry M. Utter bailiff, the appointment being made without the consent or approval of the Auditor. Subsequent to the appointment, Utter presented to the Auditor a certificate from the president of the Commission of Claims, certifying that he had served as bailiff eight days, and upon the presentation of the certificate he demanded that the Auditor issue a warrant for $24, payable out of the State treasury. The Auditor refused, and this petition for *mandamus* was brought to compel the Auditor to issue his warrant for $24, in payment for eight days' service, under the appointment.

Paragraph 29, of section 1, of the "Act to provide for the ordinary and contingent expenses of the State government," etc., (Laws of 1889, p. 40,) provides: "There is also appropriated to the Commission of Claims, for the payment of salaries of commissioners, as provided by law, the sum of $4050 per annum, and for the salaries of bailiff, assistant clerk and messenger, who shall be appointed by the Auditor, and for necessary books," etc., "the sum·of $1500 per annum, all accounts to be certified by the Auditor of Public Accounts, except the salaries of commissioners, to be certified, as now provided by law, by the president of the commission." This act was passed and approved May 25, 1889. During the same session of the legislature, on May 28, 1889, another act was passed, providing for the appointment of the Commission of Claims. Section 1 provides, "the Commission of Claims may appoint a bailiff and a messenger to attend its sittings." Section 6 provides: "The commissioners shall receive a salary of $15, the bailiff a salary of $3, and the messenger a salary of $2, a day, for the number of days actually occupied in the business of the commission." This act was approved June 3, 1889.

It will be observed that both acts provide for the appointment of a bailiff. The first one authorizes the Auditor to appoint, while the later act confers the authority on the Commission of Claims, and the only question presented by this record is, whether the appointing power shall be exercised by the Auditor or the Commission of Claims.

Section 17, article 4, of the constitution, provides: "No money shall be drawn from the treasury, except in pursuance of an appropriation made by law, and on the presentation of a warrant issued by the Auditor thereon." Under this clause of the constitution it is plain that the bailiff is entitled to no pay out of the treasury, unless an appropriation has been made by law for that purpose. And it is also true, that while the act creating the Commission of Claims provides for the appointment of a bailiff, and provides that he shall receive

$3 per day, the act contains no provision whatever appropriating any money for the payment of the bailiff. The only provision appropriating money to pay the bailiff is contained in the act to provide for the ordinary and contingent expenses of the State government, and, as we have heretofore seen, this act, in express language, limits the payment to a bailiff who shall be appointed by the Auditor. If that provision of the appropriation law was not changed, modified or repealed by any other act, it is apparent that the Auditor was under no legal obligation to issue a warrant to the relator in payment for his services as bailiff. We think, therefore, that the controverted point in the case is, whether the clause in the appropriation act was repealed by the act creating the Commission of Claims. The latter act does not profess to repeal the former, and we are aware of the general rule that repeal by implication is not favored. But if the two acts are so inconsistent that they can not stand together, the later act must prevail. (*Devine* v. *Comrs. of Cook County,* 84 Ill. 590.) In *Kepley* v. *The People,* 123 Ill. 367, where the question arose as to the effect of two inconsistent acts of the legislature, it was held: "If two inconsistent acts be passed at different times, the last is to be obeyed; and if obedience can not be observed without derogating from the first, it is the first which must give way." See, also, *Goodall* v. *The People,* 123 Ill. 389, where the same doctrine is declared. Here the object in view was the appointment of one bailiff. It nowhere appears that there was any necessity for two officers of that character, or that there was any design or intention that two should be appointed. The first act passed by the legislature confers the power of appointment on the Auditor. The last act authorizes the Commission of Claims to make the appointment. The two acts are repugnant and inconsistent. They can not stand together, and we are of opinion the clause in the first act, "who shall be appointed by the Auditor," was repealed by that part of the act creating the Commission of Claims which declares,

"the Commission of Claims may appoint a bailiff and messenger to attend its sittings." It was, of course, a matter for the legislature to determine who should appoint a bailiff to attend the sittings of the Commission of Claims. Whether the power of appointment should be placed in the hands of the Auditor or with the commission, was a matter of but little importance. It was, no doubt, a subject upon which but little attention was bestowed, and hence, no doubt, arose the conflict between the two acts. But however that may be, the last act contained the latest expression of the legislative will, and that must prevail.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*