### Nora Shinners, Administratrix, Plaintiff in Error, v. Royal Coal and Mining Company, Defendant in Error.

1. STATUTES, § 143*—*methods of repeal.* A prior statute may be repealed by express declaration of the Legislature, by amendment, by a general revision and by implication.

2. STATUTES, § 148*—*when provisions of former statute not repealed by revision.* Where the law on a particular subject is revised and rewritten, only the provisions of the old law that are omitted from the revised act are repealed, and all provisions of the old law retained in the new act are regarded as having been continuously in force.

3. MINES AND MINERALS, § 41*—*claims arising under Act of 1899 as affected by Act of 1911.* All undetermined claims arising under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the old Miner's Act of 1899 before the Miner's Act of 1911, J. & A. ¶¶ 7475 *et seq.*, went into effect, *held* saved under the provisions of chapter 131, sec. 2, Hurd's R. S., J. & A. ¶ 11,103.

4. MINES AND MINERALS, § 41*—*effect of Act of 1911 as repealing former act.* The Miner's Act of 1911, J. & A. ¶¶ 7475 *et seq.*, was a revision of the former Act of 1899 and did not operate to repeal the provisions of section 18 of the old Act, since the provisions of such section are substantially repealed in section 21 of the new Act, J. & A. ¶ 7495.

5. MINES AND MINERALS, § 86*—*right to maintain action for violation of provisions of former statute.* Where a miner was injured in a mine while the Miner's Act of 1899 was in force and died after the Miner's Act of 1911 (J. & A. ¶ 7475) became effective, *held* his administrator could maintain an action for the benefit of the widow and children based on the wilful violations of the provisions of section 18 of the old Act.

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed July 28, 1914.

F. J. TECKLENBERG and D. J. SULLIVAN, for plaintiff in error.

M. U. HAYDEN and BARTHEL, FARMER & KLINGEL, for defendant in error.

MR. JUSTICE HARRIS delivered the opinion of the court.

This is a suit brought under the Miner's Act to recover damages resulting from the death of plaintiff in error's intestate, who was a miner, and was injured while at work in the mine of defendant in error on the twenty-seventh day of June, 1911. He died on the fourteenth day of November, 1911. The declaration filed consisted of four statutory counts. Each count of the declaration is predicated upon the provisions of the Miner's Act of 1899 and section 29 of the Miner's Act of 1911 (J. & A. ¶ 7503). The first count being

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

predicated upon section 18d of the Act of 1899, alleges a dangerous condition and that defendant's mine examiner willfully failed to make an examination and willfully failed to mark the dangerous place. The second is predicated upon section 18c, that the mine examiner willfully failed to make his daily record on the morning of the twenty-seventh day of June, 1911. The third is predicated on section 18b, that the mine manager willfully failed to prevent plaintiff in error's intestate from entering the mine and crosscut on the twenty-seventh day of June, 1911, before the dangerous conditions were made safe or removed, and that he was not there under direction of the mine manager for the purpose of making said dangerous conditions safe. The fourth count is predicated upon section 16d, and charges the willful failure of the mine manager to see that the dangerous place was properly marked or that a danger signal was properly displayed.

Each count of the declaration charged that a large piece of slate or other substance fell from the roof above the place, where plaintiff in error's intestate was working, upon him whereby his back was broken and he received other injuries from which he died November 14, 1911.

Each count of the declaration avers that plaintiff in error's intestate left surviving him as his next of kin and only heirs at law, his widow, Nora Shinners and Marcella Shinners and Florence Shinners, his only children, and that the next of kin have sustained loss and damage by reason of the death of Edward Shinners in the sum of ten thousand dollars, and therefore she brings suit.

To this declaration defendant in error files a general and special demurrer which was by the court sustained, and plaintiff in error electing to stand by the declaration judgment was entered accordingly against plaintiff in error for costs, exceptions taken, and orders entered for appeal. The argument by plaintiff in er-

ror upon the presentation of the case in this court proceeds upon the theory that the declaration states a cause of action when challenged by general demurrer; and no reasons are assigned or argued for sustaining special demurrer by defendant in error.

The defendant in error says the judgment of the trial court should be sustained for the following reasons:

First. That the Miner's Act of 1899 was repealed on the first day of July, 1911, by the Miner's Act of 1911. (J. & A. ¶¶ 7475 et seq.)

Second. That the cause of action did not accrue in the plaintiff in error until the death of plaintiff in error's intestate November 14, 1911.

Third. That because of the happening of reasons 1 and 2 in this case and the wrongful act, neglect or default charged as occurring on the twenty-seventh day of June, 1911, and death following on November 14, 1911, leaves plaintiff in error without a good cause of action under either the Statute of 1899 or the Statute of 1911.

The first question to be answered is, was the Act of 1899 repealed by the Act of 1911, as the word repealed is commonly understood, that is, obliterated, done away with, without anything substituted for and in place of it, not literally or substantially like it. If upon investigation this be true, all causes of action that had not accrued to the party bringing suit and ripened into vested rights would abate, and the authorities cited by defendant in error upon this proposition should prevail. Therefore the question of repeal or revision as to the law applicable to this declaration is the all important question. There are different methods of repealing a prior statute:

By express declaration of Legislature and nothing substituted for the act repealed.

By amendment, if the Legislature enacts an amendatory statute providing that a certain act or a certain section of an act shall be amended so as to read as the

same is repeated in the amendatory act, all such portions of the old act or section as are not repeated in the new act are repealed without express words for that purpose, but such portions of the old law as are retained, either literally or substantially, are regarded as a continuation of the old law and not as a new enactment. *Merlo v. Johnston City & B. M. Coal & Mining Co.*, 258 Ill. 328; *Moore v. Mausert*, 49 N. Y. 332; Hurd's St. 1911, ch. 131, sec. 2, (J. & A. ¶ 11,103.)

Statutes may be repealed by a general revision. Where the law on a particular subject is revised and rewritten, only the provisions of the old law that are omitted from the revised act are repealed, and all provisions of the old law retained in the new act are regarded as having been continuously in force. *Merlo v. Johnston City & B. M. Coal & Mining Co.*, 258 Ill. 328; *Mette v. Feltgen*, 148 Ill. 357.

The rule in respect to repeals by revision is the same as repeals by amendment. There is nothing startling nor is there chaos between the death of the old and the coming of the new law. Both events take place at one and the same time, the power that destroys the old gives life and vitality to the new.

Repeals by implication take place when a later act is so repugnant to a former one that both cannot stand together. The inconsistency established, the latter act in date or position has full force and displaces whatever in the precedent law is repugnant to it. *Merlo v. Johnston City & B. M. Coal & Mining Co.*, 258 Ill. 328; *Pavey v. Utter*, 132 Ill. 489. A legislative declaration that an act is or is not repealed is only a declaration of the Legislature upon a judicial question, which is not binding on the courts. *United States v. Claflin*, 97 U. S. 546.

Under the above rule of construction as laid down by our Supreme Court, a number of times the Miner's Act of 1911, consisting of thirty-one sections, was a revision of the law applicable to coal mines and de-

signed as a substitute for the Act of 1899. Substantially all the subjects found in the old act appear in the new, recast and rewritten. While differing in detail, both acts relate to the same general subject and are intended to accomplish the same general purpose.

It is not necessary to a decision of the question before us to point out all the differences between the old and the new acts. The legal question to be determined upon this record is whether the Act of 1911 so far repealed the former statute as to deprive plaintiff in error of all rights under a prior law. The first, second and third counts of the declaration predicated upon section 18 of the old law are substantially repeated in section 21 of the Revisionary Act (J. & A., ¶ 7495); whatever conclusion might be reached in regard to other provisions of the old law, so far as the case at bar is concerned, the new act does not affect its legal status.

Under the second and third reasons assigned by defendant in error, an injury resulting from the wrongful act, neglect or default of another gives the injured party, if he survives, a right of action, and if he dies this right of action survives to his personal representative under the statute. *Crane v. Chicago & W. I. R. Co.*, 233 Ill. 259.

Our attention is called to the difference between the Laws of 1899 and 1911 as to who may recover in case of death. This appears under section 33 of the Act of 1899 and section 29 of the Act of 1911. (J. & A. ¶ 7503.) These two sections relate to the subject of penalties for the violation of the respective acts. Under section 33 it was provided that in case of loss of life by reason of a wilful violation of the statute a right of action should accrue to the widow of the person so killed, his lineal heirs or adopted children, or any other person or persons who before such loss of life were dependent for support on the person so killed, for recovery of damages for injury sustained not to exceed ten thousand dollars. The corresponding provision of

section 29 of the new act gives a right of action, to the personal representative of the person killed, for the exclusive benefit of the widow and next of kin of such person, and to any other person or persons who before such loss of life were dependent for support on the person or persons so killed, for a like recovery for the injuries sustained not exceeding ten thousand dollars, to which is added a provision for distribution, the same as the law distributes personal property left by persons dying intestate.

It will be noted there are two differences in these two sections: First, as to the name of party in whose name suit is to be brought, a mere matter of procedure, and does not affect the substantial rights of the parties. Encyc. of Pl. & Pr. Sec. 15, p. 483.

Second, a recovery under the old law was for the exclusive benefit of widow, lineal heirs, adopted children and dependents, while under the new law it is for the benefit of widow, next of kin and dependent persons. In the case at bar deceased left a widow and two children who, under the law of distribution of personal property, would take it all as his widow and heirs at law, being the same under either statute to the entire amount of recovery.

It would hardly be necessary to add that we express no opinion in regard to the rights of beneficiaries under the new statute where they are not the same under the old law. We have no doubt under our saving statute (chapter 131, sec. 2, Hurd's R. S., J. & A. ¶ 11,103) all undetermined claims arising under the old mining law whether suit had been commenced or not prior to July 1, 1911, are saved, and that the provisions of the old statutes, so far as they concern the cause of action, are to be regarded as continuing until such cause is disposed of. Therefore the demurrer in this case should have been overruled, and the judgment will be reversed and cause remanded with directions to set

aside judgment and order sustaining demurrer and an order entered overruling demurrer.

*Reversed and remanded with directions.*