(No. 15077.—Writ awarded.)

THE PEOPLE *ex rel.* Samuel A. Ettelson, Petitioner, *vs.*
MICHAEL J. FAHERTY *et al.* Respondents.

*Opinion filed December 19, 1922.*

1. MANDAMUS—*when right to office may be determined in man-
damus proceeding—parties.* Quo warranto is the proper method
of attacking the legal right of a person to hold an office, but where
the attack is not directly against the officer the question may be
determined by a petition for *mandamus* to compel the board of local
improvements, which appointed him as its attorney, to permit peti-
tioner, who is the legally constituted corporation counsel of the city,
to perform the duties imposed upon him by law, and the officer ap-
pointed by the board need not be made a defendant to the petition.

2. STATUTES—*later act will prevail over former repugnant stat-
ute.* Repeal of laws by implication is not favored, but where two
valid statutes enacted at different times are so irreconcilably re-
pugnant to each other that both cannot be given effect, the later act
in point of time will repeal and supersede the repugnant provisions
of the former.

3. SAME—*purpose of statute must be considered in construing it.*
The primary consideration in construing a statute is to ascertain
and give effect to the legislative intention, and in doing so the ex-
isting conditions will be considered, the object sought to be ac-
complished by the passage of the act, and the necessity or want of
necessity for its adoption.

4. MUNICIPAL CORPORATIONS—*corporation counsel of Chicago
must conduct proceedings by board of local improvements.* Ordi-
nances of the city of Chicago passed pursuant to the provisions of
section 7 of the act of 1905, amending article 12 of the Cities and
Villages act, declaring the corporation counsel to be the head of
the law department, with power to appoint all assistants and to
superintend and conduct all the law business of the city, are broad
and specific enough to make it his duty to conduct all legal pro-
ceedings instituted by the board of local improvements.

5. SAME—*the act of 1905 makes corporation counsel of Chicago
head of law department.* Section 7 of article 12 of the Cities and
Villages act, as amended in 1905, makes the corporation counsel of
the city of Chicago the head of the law department of the city and
makes it his duty to attend to all the law business of the city, with
power to appoint assistants and clerks to attend to the duties of
the department.

6. Same—*the board of local improvements is a part of the municipal government.* The board of local improvements in a city, though not organized under the Cities and Villages act, is an arm or agency of the municipal government, and all legal proceedings carried on by it in making local improvements are a part of the law business of the city.

7. Same—*what constitutes the "law department" of a city.* The "law department" of a city or other government means a department having charge of the law business of the government, and a city maintaining such a department cannot, as a rule, hire or employ outside counsel to attend to the legal business of the city.

8. Same—*the act of 1905 repeals provision of section 83 of the Local Improvement act for appointment of counsel.* Section 7 of article 12 of the Cities and Villages act, as amended in 1905, combining in one department all the law business of the city of Chicago and placing the corporation counsel in charge, repeals by implication the provision of section 83 of the Local Improvement act as amended in 1901, giving the board of local improvements power to appoint an attorney for the board to take charge of improvement proceedings.

9. Same—*in local improvement matters corporation counsel is subject to direction of board—mandamus.* While the corporation counsel of the city of Chicago has full charge of all the law business of the city and is entitled to a writ of *mandamus* compelling the board of local improvements to allow him to·have charge of improvement proceedings in preference to an attorney appointed by the board, he cannot be given unrestricted authority in said proceedings but is subject to the control and direction of the board.

Original petition for *mandamus.*

Samuel A. Ettelson, *pro se,* (Edward C. Higgins, and Edward J. Smejkal, of counsel,) for petitioner.

Patrick J. Lucey, and William H. Dillon, for respondents.

Mr. Justice Farmer delivered the opinion of the court:

By leave of court Samuel A. Ettelson, corporation counsel for the city of Chicago, was granted permission to file an original petition in this court for a writ of *mandamus*

against Michael J. Faherty and others, composing the board
of local improvements of the city of Chicago. The peti-
tion alleges that Ettelson is the corporation counsel of the
city of Chicago and a citizen and tax-payer in said city;
that it is his duty to have charge of and attend to all the
legal business of all the departments of the city of Chicago;
that he maintains an office in said city, with numerous as-
sistants and equipment for an efficient law department; that
during petitioner's incumbency in office he has had charge
of all legal business of the city as corporation counsel; that
by a revised code of ordinances adopted in April, 1897, by
the city council, a department of law was established and
the office of corporation counsel created. The petition sets
out the ordinance referred to. It is further alleged that
in March, 1905, the city council revised the ordinances and
published the same as the revised municipal code, and the
chapter of the ordinance relating to corporation counsel is
set out in the petition, also the revised ordinance on the
same subject adopted by the city council in March, 1911.
The petition also sets out an act of the legislature in force
July 1, 1905, which provides the head of the law depart-
ment of the city shall be corporation counsel and shall per-
form the duties theretofore performed by the city attor-
ney, which office of city attorney is abolished. The petition
avers that by virtue of the ordinance and the act of the
General Assembly the corporation counsel was given and
has exercised full and complete control over all the legal
affairs and business of the city, including the making of
local improvements and levying and collecting assessments
therefor; that annual appropriations have been made by the
city council of funds for use and expenditure in the various
departments of the city government under the direction of
the corporation counsel; that no appropriations have ever
been made of funds by the board of local improvements,
or any attorney thereof, for the payment of salaries of any
attorney of the board of local improvements except as as-

sistants of the corporation counsel; that without any right or authority the board of local improvements has denied the right of the corporation counsel to direct, advise or in any manner conduct legal proceedings concerning local improvements, and has notified petitioner that the board did not recognize the corporation counsel's right to conduct legal proceedings for local improvements or to advise the board in matters pertaining thereto; that on September 27, 1922, the board without legal right adopted a resolution revoking the previous appointment of petitioner as corporation counsel to represent the board in legal proceedings and appointing George A. Curran attorney for the board, to have charge, under the direction of the board, of all legal matters pertaining to the board and the confirmation and collection of special assessments. The petition alleges that since the adoption of said resolution the board of local improvements refuses to recognize petitioner as corporation counsel in matters of local improvements, and refuses to permit him, as corporation counsel and head of the law department of the city, to perform his duties as such in matters pertaining to the board or in which the board may be concerned; that all pending litigation involving the making of local improvements has been conducted by him as corporation counsel or under his control and direction, but without his consent or advice and without any legal authority the board of local improvements has appointed George P. Foster, an attorney at law of Chicago, at a per diem compensation, as attorney for the city in pending litigation for the making of local improvements, thereby seeking to take all supervision, control and direction of said matters out of the hands of and from under the control of the corporation counsel. The petition prays a writ of *mandamus* commanding the board of local improvements to revoke, cancel and expunge from its records the resolution appointing Curran its attorney, and commanding the board to recognize the full and unrestricted power and right of petitioner, as corporation counsel, to

manage and conduct all proceedings concerning local improvements in behalf of the city, and to acknowledge petitioner in his official capacity as the lawfully constituted attorney to attend to all matters pertaining to the board, the confirmation of special assessments and the collection of the same, without interference.

Respondents answered the petition and in their answer averred that the board of local improvements had from 1901 to the present time appointed attorneys for the board, but until September 27, 1922, the individuals so appointed were the persons then holding the office of corporation counsel; that the appointments were made in writing and were accepted in writing; that from 1901 to 1915 all ordinances adopted by the council directing improvements to be made under the Local Improvement act contained a provision directing the attorney for the board of local improvements to file the petition; that after 1915 the ordinances directed the corporation counsel to file the petition, and from 1917 to 1920 numerous orders were passed by the council authorizing the board to employ special counsel and authorizing the payment of special counsel appointed by the board for services rendered. The answer avers the city council, in making appropriations, always provided funds to be expended under the direction of the corporation counsel for the payment of salaries of his assistants charged with the duty of attending to legal matters pertaining to the board of local improvements, and that such appropriation ordinance was made for the year 1922. Respondents deny relator is entitled to the relief prayed, and pray that the writ be denied and the petition be dismissed. Relator demurred to the answer, and the cause was submitted on the petition, answer, demurrer and briefs. Respondents have moved that the demurrer be carried back and sustained to the petition because it does not set forth sufficient grounds to authorize the issuance of the writ as prayed for.

A point of practice is raised by respondents that Curran, the appointee of the board of local improvements, is a necessary party, and not having been made a defendant to the petition this court is without jurisdiction to determine the validity of his appointment. It is contended by respondents that the title of Curran to the office is involved, and that his title cannot be collaterally determined in a *mandamus* proceeding, and that in any event he has a right to be heard before the question of his right is determined. *Quo warranto* is the proper method of attacking the legal right of a person to an office the duties of which he is assuming to exercise. The attack here made is not directly on Curran but is on the action of the board of local improvements in refusing to permit relator to discharge the duties which he claims the law confers solely upon him as corporation counsel and denying him the right to perform his legal official duties. It is a direct method of compelling the board of local improvements to do that which relator claims the law makes it the duty of the board to do, and to recognize relator as corporation counsel and his right to perform the duties imposed upon him by law. We are of opinion, therefore, the question raised by the petition is one which may properly be determined in a *mandamus* proceeding. The issue made for determination by the petition and demurrer is one purely of law.

The City and Village act of 1872 authorized the city council by ordinance to provide for the appointment or election of a corporation counsel, and by ordinance, not inconsistent with the provisions of the statute, prescribe his duties and define his powers. In 1897 the city of Chicago by ordinance created the office of corporation counsel, and provided for his appointment by the mayor, with the advice and consent of the council. The ordinance created "an executive department of the municipal government of the city of Chicago, which shall be known as the department of law, and shall embrace the corporation counsel, the city attorney, the

prosecuting attorney, and such number of assistants and clerks as the city council may by ordinance see fit to prescribe and establish." The corporation counsel was given the power to appoint and remove all assistants and clerks in his office. It was made his duty to "superintend, and with the assistance of the city attorney and prosecuting attorney conduct, all the law business of the city." Those provisions were re-enacted in a revision of the ordinance in March, 1905. The legislature passed an act amending the City and Village act in 1905, but said amendment applied only to the city of Chicago. The act was approved by the Governor in May, 1905, but was to become effective only after it was submitted to the electors of the city and approved by a majority of the voters. The act was submitted to a vote and was approved. The act is part 1, article 12, of Hurd's Statutes, page 352. Section 7 of the act is as follows: "The head of the law department of the city shall be the corporation counsel, and the duties heretofore performed by the city attorney shall be performed by the corporation counsel and his assistants. From and after the adoption of this act the office of city attorney shall be abolished." Prior to the passage of that act the City and Village act required the election of a city attorney. That office was abolished by the act of 1905 in the city of Chicago. Section 83 of the Local Improvement act, as amended in 1901, in part reads as follows: "The board of local improvements in cities of one hundred thousand (100,000) inhabitants and over, according to the last census as hereinbefore provided, may appoint an attorney for the board who shall have charge, under its direction and control, of all legal matters pertaining to the board of local improvements, the confirmation of special assessments and the collection of the same." In March, 1911, the city council again revised and codified its ordinances. Paragraph 85 of article 1 of chapter 5 reads as follows: "There is hereby established an executive department of the municipal government of the city which

shall be known as the department of law, and which shall embrace the corporation counsel, and such number of assistants and clerks as the city council may by ordinance provide. One of such assistants shall be known as the city attorney and another as the prosecuting attorney." Paragraph 86 reads: "There is hereby created the office of corporation counsel. He shall be appointed by the mayor, by and with the advice and consent of the city council, and shall be the head of the law department of the city." He was given power to appoint and remove all or any of his assistants or clerks, and it was made his duty to "superintend, and with the assistance of the city attorney and prosecuting attorney conduct, all the law business of the city." The statute made no provision for the election or appointment by the city of a city attorney or prosecuting attorney, but paragraph 85 of the ordinance quoted provided that one of the corporation counsel's assistants should be known as the city attorney and another as the prosecuting attorney. The council passed an ordinance that in instituting legal proceedings for local improvements the corporation counsel was directed to file a petition in the proper court in the name of the city, praying that steps be taken to levy a special assessment for the improvement in accordance with the ordinance and the law.

The vital question is whether the board of local improvements had authority, under section 83 of the Local Improvement act, to appoint an attorney to have charge, under the direction and control of the board, of all legal matters for the board, including the confirmation and collection of special assessments. The constitutionality of that enactment is not questioned by relator, but he contends that provision is wholly inconsistent with section 7 of the act of 1905, which is a later enactment than section 83, and therefore the provision of section 83 above quoted is repealed; that with that provision of section 83 repealed, under the law and the ordinances of the city the corporation counsel has

the sole charge of all legal matters for the city, including legal matters pertaining to the board of local improvements. The rule is well settled and universally understood that where two constitutional statutes enacted at different times are so irreconcilably repugnant to each other that both can not be given effect, the later act in point of time will repeal and supersede the repugnant provisions of the former statute. Respondents contend that section 7 of the act of 1905 is not irreconcilably repugnant to section 83, which was enacted in 1901; that both statutes can be harmonized, given effect and applied to matters within their purview.

We think the ordinances declaring the corporation counsel head of the law department, with power to appoint all assistants, and conferring power and authority upon him and his assistants to superintend and conduct all the law business of the city, unless in violation of some valid statute, are broad enough and specific enough to make it his duty to conduct all legal proceedings required to be instituted by the board of local improvements. Certainly the ordinances afford the board no authority to appoint its own independent attorney. Respondents rely on section 83 for such authority, and unless said section was repealed by section 7 of the 1905 act it must be conceded the board did have such authority. The appointment of Curran in September, 1922, is the first time the board of local improvements has assumed the authority to appoint its own attorney independent of the corporation counsel. Up to the time that appointment was made the board had from time to time appointed or named the person holding the office of corporation counsel as its attorney and the appointment was accepted in writing. The corporation counsel, pursuant to its directions, would file the petition. At times the city council passed orders or resolutions authorizing the board of local improvements to employ special counsel and orders for the payment of the fee of special counsel for services rendered. By its annual appropriation ordinances the city

council appropriated funds to pay assistants of the corporation counsel having charge of legal matters for the various departments of the government, including the board of local improvements. The petition of relator sets out parts of the annual appropriation ordinance for 1922, from which it appears that in addition to appropriations to pay "assistants of the corporation counsel and attorney for" the civil service commission, fire department and water department there were five separate sums appropriated to pay "assistant corporation counsel and attorney for the board of local improvements."

Whatever may have been the practice of the city and its different departments, as we see this case its decision depends on a determination whether section 7 of the act of 1905 repeals and supersedes the provision of section 83 referred to. If it did, then relator is entitled to the writ. The act of 1905 made the corporation counsel the head of the law department. It abolished the office of city attorney, and the duties theretofore belonging to that office were conferred on the corporation counsel. It appears to have been the intention and purpose of the legislature that the law department of the city of Chicago, with the corporation counsel as its head, should attend to all the law business of the city. The board of local improvements of the city, though not organized under the City and Village act, is an arm or agency of the municipal government, and all legal proceedings carried on by it in making local improvements are law business of the city. A local improvement to be paid for by special assessment or special taxation must originate with the board of local improvements, but it is subject to control of the city. The power to make the improvement is vested in the corporate authorities by the constitution. (*People* v. *City of Rock Island,* 271 Ill. 412.) The act of 1905 recognized the established law department of the city of Chicago and that the city had a corporation counsel. He was by the statute made head of that department, and

was given power, under the ordinances, to appoint assistants and clerks to attend to the duties of the department of which he was the head. "Law department" of a city or other government means a department having charge of the law business of the government. A city maintaining such a department cannot, as a general rule, hire or employ outside counsel to attend to the legal business of the city. (Dillon on Mun. Corp.—5th ed.—sec. 824; *Hope* v. *City of Alton,* 214 Ill. 102; *Clark Co.* v. *Allegheny City,* 143 Fed. 644; *State* v. *Sinking Fund Comrs.* 10 N. J. L. 219.) It is true the statute in express terms did not prescribe the duties of the head of the law department, but we think it could not reasonably mean otherwise than that he was charged with the duty of superintending all the law business of the city. The ordinance of 1911 expressly provides he shall superintend and conduct "all the law business of the city." Of course, the ordinance could have no effect if it was contrary to the statute, but if the provisions of section 83 referred to are repealed by section 7 of the statute of 1905, the ordinance does not conflict with any statute. In construing a statute existing conditions will be considered, the object sought to be accomplished by its passage, and the necessity or want of necessity for its adoption. The primary consideration is to ascertain and give effect to the legislative intention. (*Soby* v. *People,* 134 Ill. 66; *People* v. *Kipley,* 171 id. 44.) To our minds the intention of the legislature in making the corporation counsel of the city of Chicago the head of the law department of the city, abolishing the office of city attorney and requiring the corporation counsel to perform the duties theretofore performed by the city attorney, was to combine in one department and under the direction of one responsible head the city's law business. Repeal of laws by implication is not favored, but if the intention of the legislature in passing a later act is repugnant to a prior act the prior act must fail and the later act will prevail. (*Pavey* v. *Utter,* 132 Ill. 489.) If, as we

306—9

construe the statute, the legislative intent was to combine in one department and under one head all the law business of the city, that intention could not be given effect unless it supersedes section 83.

· Respondents place much reliance on *City of Chicago* v. *Lord,* 277 Ill. 397. The ordinance in that case provided that the petition for the special assessment should be filed by the attorney for the board of local improvements. It was objected in that case that the ordinance did not designate an officer of the city to file the petition. The court said, in substance, section 83 conferred power on the board to appoint an attorney who should have charge of the legal proceedings under the control of the board; that the attorney who was appointed by the board to file the petition was the corporation counsel of the city; that in his character as attorney for the board his position was a public one created by law; that he was an officer and the statute was complied with. The court's attention was not called to, and it did not consider, section 7 of the act of 1905. Whether that act repealed section 83 was not involved. The question was whether the ordinance designated an officer of the city to file the petition. The decision correctly held that it did, for the board designated as the attorney to file the petition the corporation counsel. The decision is authority for the proposition that the attorney appointed by the board under authority of section 83 when that section was in force was an officer, but whether it had been superseded by the later act was not involved and was not decided.

Our conclusion therefore is that the board of local improvements was unauthorized to appoint its own independent attorney, take from the corporation counsel duties imposed on him by law and confer them on an attorney of its own appointment, who is in no way connected with the law department of the city.

Among other things, the petition prays that the board be commanded by the writ to recognize "the full, unrestricted

power, authority and right" of relator to manage and conduct all legal proceedings and litigation concerning local improvements without interference by the board. While it is our view that the corporation counsel is charged with the duty of attending to law business of the board originating from a local improvement, that duty does not exempt him from control and direction by the board. The board has charge of the making of local improvements, and all legal proceedings and litigation connected therewith are to be conducted by the corporation counsel under the direction and control of the board. The writ must be subject to that limitation.

The demurrer is overruled and the writ of *mandamus,* subject to the limitation mentioned, is awarded.

*Writ awarded.*

(Nos. 14910-14943.—Judgment affirmed.)
WILLIAM S. SWINEY *et al.* Appellants, *vs.* THOMAS J. PEDEN *et al.* Appellees.

*Opinion filed December 19, 1922.*

1. ELECTIONS—*when nomination of judges of municipal court is invalid.* A nomination of candidates for the office of judge of the municipal court of the city of Chicago made by a county convention of the candidates' political party is invalid, as such a convention has no authority to nominate candidates for a municipal office.

2. SAME—*objections to nomination papers must be made to the election board.* The board of election commissioners is authorized to hear and pass upon objections to the nomination papers of candidates, and its decision is by statute made final and not subject to review.