DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1925.

---

The People of the State of Illinois ex rel. Philip Q. Rohm, Appellee, v. Nicholas R. Finn et al., Appellants.

## Gen. No. 30,091.

1. MANDAMUS—*necessary parties in mandamus to try right to civil service office.* In mandamus against civil service commissioners to command recognition of the relator's right to the office of first assistant superintendent or deputy superintendent of streets, where it was charged that a new ordinance was passed to oust the relator, a civil service employee, from his position created by a former ordinance and to re-establish the office and install another person, two assistant superintendents who had taken a promotional examination for the position or office in question were not necessary parties, as the fact that they might be incidentally interested was not sufficient to require them to be made parties.

2. MUNICIPAL CORPORATIONS—*construction of ordinance creating new civil service office.* The rule that neither the City of Chicago nor the Civil Service Commission, nor both combined, can abolish a position and later re-establish it for the purpose of installing a different person in the position, where the employee is under civil service, considered in mandamus by a civil service employee to command recognition of his office, etc., where it was claimed that a new ordinance was passed to oust the relator from his office created by a former ordinance, and to re-establish the office and install another person, and held, after considering both ordinances, that there was no attempt to separate the relator from his position, and

(363)

that the office created by the new ordinance was not essentially the same as that created by the prior ordinance.

3. MUNICIPAL CORPORATIONS—*power to abolish civil service office.* A city may not, by the passage of an ordinance, abolish a position created by a prior ordinance so as to oust the holder, who is under civil service, by merely changing the name of the position, and such action would be illegal.

Appeal by defendants from the Superior Court of Cook county; the Hon. JOSEPH R. DAVID, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Reversed and remanded with directions. Opinion filed June 3, 1925. Rehearing denied June 10, 1925. *Certiorari* denied by Supreme Court (making opinion final).

FRANCIS X. BUSCH, Corporation Counsel and FRANCIS J. VURPILLAT, Asst. Corporation Counsel, for appellants.

SCHUYLER, ETTELSON & WEINFELD, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Philip Q. Rohm filed his petition in the superior court of Cook county praying for a writ of mandamus, directed to the three civil service commissioners, the treasurer, city comptroller, commissioner of public works and the superintendent of streets of the City of Chicago, commanding them to recognize the right of the petitioner to occupy the office, position or place of employment as first assistant superintendent of streets or deputy superintendent of streets (by whichever name they chose to call the position or place) and to perform the duties and receive the emoluments thereof. The respondents filed a demurrer to the petition, which was overruled, and they were ordered to answer within three days. They filed a joint and several answer and the matter was submitted to the court without a jury on the petition and answer, and the court having considered the petition and answer found that all the allegations of fact alleged in

the petition were admitted by the answer to be true. A judgment was entered on the finding, awarding the peremptory writ of mandamus as prayed for, to reverse which the respondents prosecute this appeal.

The allegations of the petition so far as it is necessary for us to state them here are to the effect that the relator for more than seven years prior to the filing of the petition was a civil service employee of the City of Chicago, occupying the office or place of first assistant superintendent of streets; that during all that time he had faithfully and efficiently discharged the duties of his position and had never been guilty of or charged with any dereliction of duty or the violation of any civil service rules; that on the 15th of July, 1924, the city council passed an ordinance purporting to abolish said office of first assistant superintendent of streets and to create, in lieu thereof, the office of deputy superintendent of streets; that the duties of both places were essentially the same and that the only change made by the ordinance of July, 1924, was to change the name of the office; that the respondents consider the office of deputy superintendent of streets to be a new office and were about to take steps to appoint a person other than the relator to fill such office in violation of the relator's rights as a civil service employee and that the acts of the respondents were done in bad faith and for political reasons.

The answer of the respondents admitted many of the material allegations of the petition, setting up the ordinance which created the office of first superintendent of streets, by virtue of which the relator was occupying such position as well as the new ordinance of July, 1924, and averred that the new ordinance was passed to reorganize the Bureau of Streets so as to create the new office or position of deputy superintendent of streets and to make other changes therein specified. The answer denied that there was any bad faith in the passage of the ordinance or what had

been done by the respondents and denied that any political reasons were involved, but averred that the ordinance was passed by the unanimous vote of the city council. The answer further set up the civil service rules in force and effect in the City of Chicago. Other matters are set up in the answer, but it is unnecessary for us to refer to them here.

The material provision of the old ordinance which established the Bureau of Streets and created certain positions may be found in sections 3234 to 3240, both inclusive, of the Municipal Code of 1922. Section 3234 provides for the establishment of a Bureau of Streets which shall be under the jurisdiction of the commissioner of public works; that it should have control of all the matters concerning the streets of which the Department of Public Works had jurisdiction; that it should embrace the superintendent of streets, the first assistant superintendent of streets, the second superintendent of streets, the third assistant superintendent of streets and such other employees as the city may provide. By section 3235 the superintendent of streets was given supervision of the Bureau, of all the activities of the department with relation to streets and he was required to perform such other duties as might be required of him by the commissioner of public works or the ordinances of the city. By section 3236 the superintendent of streets was given charge under the supervision and direction of the commissioner of public works of the maintenance, repairs and cleaning of the streets, sidewalks and public ways of the city; the removal of dirt and garbage and the control of teams and men employed in such work. There was an exception made where the maintenance or repairs were to be paid by special assessment. Section 3237 required the superintendent of streets to make weekly reports to the aldermen of the respective wards as to the men and teams employed in the several wards. Section 3238 is as follows: "First Assistant Superintendent of Streets—Duties)

The first assistant superintendent of streets shall perform such duties as may be required of him by the commissioner of public works, the superintendent of streets and the ordinances of the city. He shall act as superintendent of streets in the absence of such superintendent." By the provisions of section 3239, the second superintendent of streets was given charge, under the supervision and direction of the commissioner of public works of the cleaning of the streets and alleys of the city, including the removal and disposition of garbage. He was also required to see that the ordinances of the city pertaining to the throwing or casting of garbage in or upon the streets or alleys were enforced and to report any violation in this respect to the prosecuting attorney. He was further required to perform such other duties as might be required of him by the commissioner of public works, the superintendent of streets and the ordinances of the city. Section 3240 specified the duties of the third assistant superintendent of streets. He was given charge under the supervision of the commissioner of public works of the maintenance, improvements and repairs of the streets and alleys, except where such repairs and improvements were to be paid by special assessment. He was also required to perform such other duties as may be required of him by the commissioner of public works, superintendent of streets and the ordinances of the city.

This ordinance was revised by the ordinance of July 15, 1924. Section 3234 of the old ordinance was changed so as to eliminate the positions of first, second and third assistant superintendent of streets and, in lieu thereof, the position of deputy superintendent of streets and three assistant superintendents of streets were provided for. Section 3235 was not changed. Section 3236 of the new ordinance provides that the deputy superintendent of streets should have charge, under the supervision and direction of the

commissioner of public works and the superintendent of streets of the maintenance, repairs and cleaning of the streets, sidewalks and public ways of the city, including the removal of garbage and further provides that the deputy superintendent of streets should act as the superintendent of streets in the absence of the latter. Section 3237 was unchanged. Sections 3238, 3239, 3240 were in substance eliminated, but a new section numbered 3238 was inserted in lieu of those sections. This new section provided that each of the three assistant superintendents of streets should have charge under the supervision of the commissioner of public works and the superintendent of streets of a section of the city to which each should be assigned. The ordinance provides that each assistant in his respective section shall have charge of the cleaning of the streets and alleys including the removal of garbage; that each shall see that the ordinances of the city relating to throwing garbage or litter upon the streets are enforced and violations thereof reported to the prosecuting attorney; that each shall have charge in their respective sections of the maintenance, improvements and repairs of the streets and alleys, except where such repairs and improvements are paid for by special assessment and they are each required to perform such other duties as may be required of them by the commissioner of public works, superintendent of streets and the deputy superintendent of streets.

The record discloses that under the old ordinance there was a first, second and third assistant superintendent of streets, all classified as being in the same grade and rank by the civil service commissioners, while under the new ordinance there are three assistant superintendents who are also placed in the same rank and grade. It further appears that the office or position of deputy superintendent of streets mentioned in the new ordinance was classified as the next higher in rank than the three assistant superintend-

cnts of streets and it was proposed to hold a promotional examination to fill the office or position of deputy superintendent of streets; that the three assistant superintendents of streets were the only ones eligible to take such promotional examination, and that the second and third assistant superintendents of streets have taken such examination. It is contended by the respondents that these two assistant superintendents were necessary and indispensable parties. If the contention of the relator to the effect that the new ordinance of 1924 in attempting to create the office or position of deputy superintendent of streets merely changed the name of the office or position which he was occupying, it is obvious that the second and third assistant superintendents would not be necessary parties, because they do not claim to be entitled to the place or position of deputy superintendent of streets. The fact that they might be incidentally interested is not sufficient. *People v. Faherty*, 306 Ill. 119. The relator's position as clearly and succinctly stated by his counsel is: "Is the office, place or position of 'Deputy Superintendent of Streets,' named in the ordinance of 1924, essentially the same as that of 'First Assistant Superintendent of Streets' named in the prior ordinance," and continuing counsel say: "Unless that question is answered in the affirmative, it is conceded that the relator, Philip Q. Rohm, is not entitled to the relief sought. But on the other hand, if such question *is* answered in the affirmative, then it must be admitted that the defendants have no real defense to the suit." Upon this question, therefore, the whole case hinges. Neither the city nor the Civil Service Commission, nor both combined, can abolish a position temporarily and later re-establish it for the purpose of installing a different person in the position where the employee is under civil service. *City of Chicago v. Luthardt*, 191 Ill. 516; *People v. Coffin*, 282 Ill. 599. And in the instant case if it appears that the city by the passage of the ordinance of 1924 attempted to

abolish the position of first assistant superintendent of streets so as to oust the relator, by merely changing the name of the position to that of deputy superintendent of streets, its action in this respect would be illegal. And, even though the city, acting through the city council, in the passage of the 1924 ordinance, acted in perfect good faith, yet the relator could not be ousted from his position of first assistant superintendent of streets. The law as stated is not disputed and counsel for the relator contend that the duties of the first assistant superintendent of streets under the old ordinance and the duties of the deputy superintendent of streets under the new ordinance are in all material respects the same. With this contention we are unable to agree. Under the old ordinance, the relator was required to perform such duties, as first assistant superintendent of streets, as "may be required of him by the commissioner of public works, the superintendent of streets and the ordinances of the city." While under the new ordinance the duties of the deputy superintendent of streets provide that he shall have charge of the maintenance and repair of the streets, sidewalks and other public ways of the city, including the cleaning of the streets and the removal of garbage; that this work shall be done by him under the supervision and direction of the commissioner of public works and the superintendent of streets. Under the new ordinance the duties of the deputy superintendent of streets, as above stated, are the same duties that the superintendent of streets was required to perform under the old ordinance. These were not the duties of the first assistant superintendent of streets under the old ordinance. Under that ordinance, his duties were not specified, but were only such as were required of him by the commissioner of public works and the superintendent of streets. It is true that under the old ordinance, the first assistant superintendent of streets might perform all of the duties required of the deputy superintendent of streets

under the new ordinance if he was especially requested to do so by the commissioner of public works or the superintendent of streets, but under the new ordinance the deputy is required to perform those duties without any request from any superior officer. We think the duties are not the same, nor do we think this conclusion is affected by the fact that while under the old ordinance it was provided that the first assistant superintendent of streets should act as the superintendent of streets in latter's absence, under the new ordinance that duty devolves upon the deputy superintendent of streets.

Counsel for the relator in contending that the judgment of the trial court should be affirmed states: "While it is true that the city council may in good faith abolish an office that is no longer necessary, they cannot abolish an office in the classified civil service and immediately thereupon create a new office with essentially the same duties, under a new name," and the inference is that the relator's office or position as first assistant superintendent of streets has been abolished by the city council in the passage of the ordinance of 1924. We think this is not borne out by the record. There is no attempt to separate the relator from his position, but the council by the new ordinance has imposed other duties upon him. Under the new ordinance there are three assistant superintendents of streets, each of whom is to have charge of a certain section of the city, and, in such section, is to have charge of the cleaning, maintenance and repairs of the streets and alleys. The council evidently thought that when each of the three assistant superintendents was given a specified section of the city, it was necessary to have an additional employee to assist the superintendent and they created the place of deputy superintendent of streets. It is conceded on the record before us that the city council and all of the respondents acted in good faith, and it is clear that no

attempt was made to abolish the place or position held by the relator.

We are, therefore, of the opinion that the judgment of the trial court was wrong and it is reversed and the cause remanded with direction to dismiss the petition.

*Reversed and remanded with directions.*

THOMSON and TAYLOR, JJ., concur.