The People of the State of Illinois ex rel. James Todd, Appellee, v. Board of Education et al., Appellants.

Gen. No. 34,461.

Heard in the first division of this court for the first district at the June term, 1930. Opinion filed July 10, 1930.

CHARLES S. CUTTING, for appellants.

ANGUS ROY SHANNON, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by defendants from a judgment entered in an action of mandamus. The action was brought against the board of education and its secretary upon the relation of James Todd, the attorney for said board.

The petition prays that the board may be required to expunge from its record an order adopted Novem-

ber 13, 1929, by which the board directed that Frank S. Righeimer should be placed in full charge of condemnation matters in its law department, including the trial of condemnation cases, and that Thomas V. Sullivan should be placed in full charge of tax matters, including the trial of tax cases.

Respondents answered the petition; petitioner demurred to the answer. Respondents made an oral motion to carry back the demurrer. The court denied this motion and sustained the demurrer to the answer and entered judgment that the order adopted by the board on November 13, 1929, should be expunged from its record; "that said Board of Education shall recognize the full unrestricted authority and power of the Attorney of the Board of Education as the same is prescribed by statute, to have general charge and control (subject to the approval of the Board of Education of the City of Chicago) of the Law Department thereof and of all the litigation and legal questions of the public school system of the City of Chicago and such other matters as shall be referred to the Law Department by the said Board and to recognize and acknowledge said petitioner in his official capacity as the proper and legally constituted Attorney to attend to all matters without interference (except in the matters expressly otherwise set forth in section 130 of the statute) with the petitioner as the attorney of the public school system in the performance of said matters, and that the writ shall issue accordingly."

The material facts disclosed by an examination of the pleadings are few and simple. On March 14, 1927, petitioner Todd was duly appointed attorney for the board of education. Since that time he has continuously acted as said attorney and he is entitled to all the prerequisites and privileges and clothed with all the powers conferred and duties imposed upon the attorney for the school board by the statute of the

State and the rules of the board of education enacted pursuant thereto.

On March 11, 1929, petitioner made certain recommendations in writing to the board, in which he stated that it was his judgment that the personnel of the law department could be reduced without interfering with its efficiency. He recommended the elimination of a number of positions of special assistants and assistant attorneys, including the position of Mr. Righeimer, who was then acting as the assistant attorney in charge of condemnation proceedings. The board took no action on these recommendations other than to file the same, and on July 27, 1929, thereafter the petitioner again sent a formal communication to the board of education, in which he called the attention of the board to the fact that he had made recommendations providing for the elimination of four assistant attorneys. He also stated to the board that the term of employment of one of these assistants, Frank S. Righeimer, expired on March 14, 1928, and that Mr. Righeimer therefore stood in a different position from the other three. He stated:

"It is my duty, as the executive officer in control of the Law Department, to terminate his employment at once as being unnecessary and involving expense which should be avoided. I, therefore, am terminating his employment as of July 31, 1929, and reporting to you this action, so that you may be officially apprised thereof.

"My action in this regard terminates the matter and requires no action on your part, unless you desire to override it, which, under the Statutes, you are enabled to do by a two-thirds vote of all the members of the Board."

On the same day petitioner wrote to Mr. Righeimer:

"This is to notify you that your services as Special Assistant Attorney for the Board of Education, which

position you have been occupying, first, under an employment of one year expiring on March 14, 1928, and since then by monthly service, are no longer necessary, and I hereby terminate them as of the date of July 31, 1929, after which period, you will no longer be in the employ of the Board, or entitled to perform the duties of the position.''

On August 6, 1929, petitioner by a communication in writing to Mr. Thomas V. Sullivan informed him that petitioner had assigned him to take care of condemnation matters of the office in co-operation with petitioner, and on the same day he reported this action to the board, as follows:

''Since the discontinuance of the services of Mr. Frank S. Righeimer in this Department, as Special Attorney, as of July 31, 1929, I have assigned Mr. Thomas V. Sullivan, one of the assistants in this office, to take charge of the condemnation—the work formerly done by Mr. Righeimer.

''Mr. Sullivan is an able trial lawyer and possesses every qualification necessary for taking over this branch of the legal work, and I respectfully recommend that his salary be increased from $7,500.00 to $10,000.00 a year, to begin September 1, 1929.''

This communication was placed on file with others pertaining to the same subject. On November 13, 1929, the board took the action which petitioner asks to have expunged. At that time James A. Hemingway, a member of the board, made two motions, as follows:

''I move that until this Board otherwise orders that special assistant attorney Frank S. Righeimer shall continue to be in full charge of condemnation matters, including the trial of condemnation cases, and such other matters as are from time to time referred and committed to him.''

And

''I move that until this Board otherwise orders that special assistant attorney Thomas V. Sullivan

shall continue to be in full charge of tax matters, including the trial of tax cases, and such other. matters as are from time to time referred and committed to him.''

Both these resolutions were adopted over the objection of petitioner. On the same date the board of education appointed and elected Frank S. Righeimer special assistant attorney for said board, for a period of two years at a salary of $10,000 per annum. This appointment and election were made against the recommendation of petitioner and was accomplished by a two-thirds vote of all the members of the board. On the same date the board appointed and elected Thomas V. Sullivan special assistant attorney for said board for a period of two years and likewise fixed his salary at the rate of $10,000 per annum. This appointment and election were also made without the recommendation of petitioner and was accomplished by a two-thirds vote of all the members of the board.

It is the contention of the board that it has full statutory authority not only to elect assistant attorneys over the objection of its own attorneys but also "to direct that such assistants continue to perform the work theretofore performed by them." The question involves a construction of the so-called Otis law as amended, under which the board of education of the City of Chicago undertakes to operate and maintain a system of free schools (Cahill's St. ch. 122, ¶ 152; Smith-Hurd's Ill. Rev. Stat. 1929, chap. 122, p. 2589.)

Section 128 of said chapter provides:

"Each city having a population exceeding 100,000 inhabitants shall constitute one school district which shall maintain a thorough and efficient system of free schools, which shall be under the charge of a board of education, which shall be a body politic and corporate, by the name of 'Board of Education of the City of ........'''

Section 129 provides, in part, as follows:

"The board of education shall by a vote of a majority of the full membership of the board appoint, as executive officers, a superintendent of schools, who shall have general charge and control, subject to the approval of the board, of the education department and of the employees therein of the public schools; a business manager, who shall have general charge and control, subject to the approval of the board, of the business department and of the employees therein of the public schools; and an attorney, who shall have general charge and control, subject to the approval of the board, of the law department and the employees therein of the public school system. Each of said executive officers shall hold his office for a term of four years. The board also may appoint, or provide for the appointment, of such other officers and employees as it may deem necessary, pursuant to the provisions of the Civil Service Law, except as otherwise provided herein.

"The board shall, subject to the limitations contained in this act, prescribe the duties, compensation and terms of office of all *officers*. The board also shall, subject to the limitations contained in this act, prescribe the duties, compensation and terms of employment of all of its *employees* and determine which of its officers and employees shall give bond, on what conditions, and in what amount.

"The appointment and removal of the superintendent of schools, the business manager and of the attorney, and all assistant attorneys, shall not be subject to the civil service law. The superintendent of schools, the business manager and the attorney shall be removed during the term of employment *only for cause,* by a vote of not less than a majority of all members of the board, upon written charges to be heard by the board after thirty days' notice, with copy of the charges, is served upon the person against whom they are preferred, who shall have the privilege of being

present, together with counsel, offering evidence, and making defense thereto; but pending the hearing of such charges the person charged may by a like majority vote be suspended by the board: Provided, however, that in the event of acquittal, such person shall not suffer any loss of salary by reason of the suspension. The action and decision of the board in the matter shall be final.''

Section 130, after providing with reference to the superintendent of schools and business managers, further declares:

''The attorney shall have charge and control, subject to the approval of the board of education of the law department, and of all litigation, legal questions, and such other matters as shall be referred to the department by the board. Appointments, promotions and discharge of assistant attorneys shall be made by the board of education only upon the recommendation of the attorney, unless it be by a two-thirds vote of all the members of the board.

''The superintendent of schools, the business manager and the attorney may be present at all meetings of the board of education, and shall have a right to take part in its discussions and deliberations, but shall have no vote.''

Section 131 provides that the board may, subject to the limitations contained in the act, ''establish by-laws, rules and regulations, which shall have the force of ordinances, for the proper maintenance of a uniform system of discipline for both employees and pupils, and for the entire management of the schools, and may fix the (school) age of pupils, the minimum of which in kindergartens shall not be under four years and in grade schools shall not be under six years.''

An examination of the statute discloses that it was the intention of the legislature to vest in the superintendent of schools, in the business manager and in the attorney for the board, when once elected, a status of

dignity and independence exceeding that conferred upon ordinary employees of the board, and petitioner contends that the statute as amended has fundamentally changed the nature of the powers and duties of the school board of the City of Chicago; that it "now legally exists, only as an 'approval' body, and does not exist as a body having 'general charge and control' of the Education, or the Business, or the Law Department."

On the other hand, the board contends that all the duties and powers of these officers are subordinate and subject to the control by it and that a two-thirds majority of the board has plenary and absolute control of these different departments. It follows as a matter of course on respondents' theory that the board had the power not alone to appoint Mr. Righeimer and Mr. Sullivan assistant attorneys but to give specific directions as to the particular work which they should perform in the law department. The judgment of the court challenges this construction of the statute in only one respect. The right and power of the board by a two-thirds vote and over the objection of the attorney for the law department to fix their salaries, is not denied, but the power and right to direct and control the internal arrangements of the law department, even to the extent of directing as to the class of cases which should be assigned to a particular attorney are challenged by that judgment.

In *People v. Faherty,* 306 Ill. 119, the Supreme Court of this State had occasion to consider and construe a somewhat similar statute as applied to the board of local improvements of the City of Chicago. It appeared in that case that the legislature by statute abolished the office of city attorney which had theretofore existed, and directed that the duties theretofore imposed upon that office should be conferred upon the corporation counsel of the city. The board of local improvements of the City of Chicago by resolution

proceeded to employ its own attorney to provide legal services in connection with special assessments originating with said board. A petition for mandamus by the corporation counsel of the City of Chicago was filed for the purpose of compelling a recognition of his alleged rights in that respect, and the court sustained a judgment in favor of the petitioner, stating:

"Our conclusion therefore is that the board of local improvements was unauthorized to appoint its own independent attorney, take from the corporation counsel duties imposed on him by law and confer them on an attorney of its own appointment, who is in no way connected with the law department of the city."

In *People v. Severinghaus,* 224 Ill. App. 221, this court had before it a case in which the board of education by the adoption of certain rules undertook to take away from the superintendent of schools practically all the duties, responsibilities, prerogatives and authority conferred upon his office by the statute. This court held that these were as much a part of the office as were the title and salary and room which the superintendent occupied. We held that the board could not take away from the superintendent the substance of the office, leaving him merely an empty shell.

Here the controversy between the parties turns upon the construction which must be given to the phrase often recurring in the statute, "subject to the approval of the board of education." Respondents contend that its effect is to give to the board unlimited and uncontrolled power. Petitioner contends that it takes from the board all initiatory power. It is not an easy matter to draw the exact line which marks the boundary between the authority of the attorney for the board on the one hand and the board itself on the other. It is unnecessary to do so further than to state that a consideration of the whole statute negatives the idea that either was to have unlimited and uncontrolled power and authority.

In *People v. Faherty, supra,* referring to a similar contention upon the part of the corporation counsel of the City of Chicago, the court said:

"While it is our view that the corporation counsel is charged with the duty of attending to law business of the board originating from a local improvement, that duty does not exempt him from control and direction by the board. The board has charge of the making of local improvements, and all legal proceedings and litigation connected therewith are to be conducted by the corporation counsel under the direction and control of the board."

A similar rule, we hold, is applicable here, but there is no necessity that such a rule should be held to carry with it by implication the power and the authority to specifically direct the internal operations of the law department which is by virtue of the statute placed in the duly qualified and elected attorney for that department. To permit the rule to be extended thus far would be to grant to the board absolute and uncontrolled power, which clearly was never intended to be given to it. The law contemplates that the board when appointed should be independent of the power which chose and elected it. It also expresses the intention that the rights and powers of the attorney for the board in the transaction of legal business in line with the general policies of the board should be uncontrolled and undirected by the board in so far as the internal organization of the office and control of assistants are concerned. The law contemplates and the public have a right to expect that the board and the attorney will co-operate, each recognizing the rights of the other to the end that the public may have the benefits of an efficient administration of school affairs.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.