(No. 20154.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH KYLE, Plaintiff in Error.

*Opinion filed October 25, 1930.*

FRANCIS E. HINCKLEY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOEL C. FITCH, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

An information was filed in the municipal court of Chicago against Joseph Kyle, (hereafter referred to as defendant,) charging him with driving and operating an automobile on May 30, 1929, on the public highway in the city of Chicago, Cook county, Illinois, while intoxicated and in violation of section 41 of the Motor Vehicle act. A plea of not guilty was entered and a trial was had before a jury. Defendant was found guilty, and after overruling motions for a new trial and in arrest of judgment the court entered judgment upon the verdict and sentenced the defendant to confinement at labor in the house of correction of the city of Chicago for sixty days and to pay a fine of $100 and costs, which fine and costs, if not paid, were to be worked out by defendant at the rate of $1.50 per day. The fine and costs were paid, and after serving a portion of the sentence defendant was admitted to bail pending the review of the judgment by the Appellate Court for the First District. The judgment of the municipal court of Chicago was affirmed, and defendant has brought the case to this court by writ of error for a further review.

The contentions of defendant are, (1) that the court erred in denying the motion for a new trial, because there was no proof supporting the allegation in the amended information that Irving Park boulevard is a public highway as defined by law; and (2) that the court erred in sentencing defendant to labor in the house of correction instead of confinement in the county jail.

Five or more witnesses testified that defendant, while intoxicated, was driving his automobile on Irving Park boulevard, in the city of Chicago. The evidence in the record, including that of defendant, discloses that he was driving east in the west-bound street car tracks on Irving Park boulevard about three o'clock in the morning on May 30, 1929, and near No. 5560 Irving Park boulevard

his car collided with a milk wagon; that the street at that location is paved and about fifty-five feet in width; that two street car tracks extend along the middle of the street, and the distance between the outside car tracks and the curb on either side of the street is about twenty feet; that the sidewalks are about fifteen feet in width, and store buildings are constructed along the street up to the sidewalks.

Our statute (Smith's Stat. 1929, chap. 121, sec. 44, p. 2522,) provides that "public highways shall include any highway, county road, State road, public street, avenue, alley, parkway, driveway or public place in any county, city, village, incorporated town or towns." Dillon, in his work on Municipal Corporations, (vol. 3, 5th ed. sec. 1121,) says: "For the purposes of legal nomenclature, at least, it would seem that the most generally accepted definitions of a street simply import that it is a public highway within an incorporated municipality." Whether a street or road is a public highway may be proved by parol evidence. (*People* v. *Camberis,* 297 Ill. 455.) This record abundantly establishes that Irving Park boulevard is a public highway in the city of Chicago.

Defendant was convicted for the violation of section 41 of the Motor Vehicle act. (Smith's Stat. 1927, p. 2397.) That section of the statute then provided that upon conviction the defendant be punished by a fine of not more than $200, or by imprisonment in the county jail for a period not exceeding sixty days, or by both such fine and imprisonment. Defendant asserts that under that section there is no provision for sentencing a defendant to labor in the house of correction; that the Motor Vehicle act is not a part of the Criminal Code, and that the only statute in force giving a court power to sentence a person convicted of a misdemeanor to labor in the house of correction is confined by its terms to misdemeanors under the Criminal Code. Section 10 of division 14 of the act to revise the law in relation to criminal jurisprudence, approved in 1874 and generally

known as the Criminal Code, is as follows: "Any person convicted, in a court of this State having jurisdiction, of any crime or misdemeanor, the punishment of which is confinement in the county jail, may be sentenced by the court in which such conviction is had, to labor for the benefit of the county, during the term of such imprisonment, in the workhouse, house of correction, or other place provided for that purpose by the county or city authorities. Nothing contained in this act shall be construed to prevent the imprisonment of any convict in the reform school at Pontiac, as provided by law." (Smith's Stat. 1929, p. 1072.) This section is referred to and discussed in the brief of counsel for the State and in the opinion of the Appellate Court, and is apparently the section of the statute under which the trial court sentenced the defendant to labor in the house of correction.

Sections 2 and 3 of "An act to amend the Criminal Code to change the punishment of persons convicted of the crime of petit larceny and misdemeanors," etc., (Smith's Stat. 1929, p. 1022,) enacted and approved in 1879, are as follows:

"Sec. 2. That hereafter any person convicted in any court of record of any misdemeanor under the Criminal Code of this State, the punishment of which in whole or in part now is, or hereafter may be imprisoned in the county jail, the court in which such conviction is had, may in its discretion, instead of committing to jail, sentence such person to labor in the workhouse of any city, town or county, where the conviction is had, or on the streets and alleys of any city, town or on the public roads of the county, under any street commissioner, city marshal, or person having charge of the workhouse, streets, or public roads of such city, town or county, or to such labor under the direction of the sheriff as the county board may provide for.

"Sec. 3. That any person convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole, or in part, by fine may be required by the order

of the courts of record, in which the conviction is had, to work out such fine and all costs, in the workhouse of the city, town or county, or in the streets and alleys; of any city or town, or on the public roads in the county, under the proper person in charge of such workhouse, streets, alleys, or public roads, at the rate of one dollar and fifty one-hundredths dollars ($1.50) per day for each day's work."

Defendant contends that section 2 of the amendment of 1879 is a revision of the law pertaining to the subject of punishment for misdemeanors, and by reason thereof section 10 of division 14 of the act of 1874 no longer applies to every crime or misdemeanor the punishment of which is confinement in the county jail, but only applies to those misdemeanors that are enumerated in chapter 38 of the Revised Statutes and which is known as the Criminal Code. In the case of *People* v. *VanBever,* 248 Ill. 136, the last two sections of the statute quoted herein were considered by this court but are referred to in the opinion in that case as sections 168*a* and 168*b.* (Hurd's Stat. 1909, p. 785.) This court said: "It is urged that these sections, in effect, amend the other sections of the Criminal Code which have reference to the punishment of misdemeanors, and while it is conceded that they do not in any way refer to such other sections, it is claimed that these later sections are unconstitutional because such other sections so claimed to be amended are not inserted at length in this new act. * * * Manifestly, said paragraphs 168*a* and 168*b* are intelligible and show on their face just what the legislature intended. They do not repeal, even by implication, the sections of the Criminal Code that provide for the punishment of misdemeanors. At the most they only modify them to the extent that it is discretionary with the trial court, instead of committing to jail, to sentence the person to labor in the workhouse or upon the streets and alleys of the city or town. The sections in question are not unconstitutional." It was said in the same opinion that the words

"Criminal Code," used in the title of the amendatory act of 1879, of which said sections 2 and 3 were a part, are used synonymously with the phrase "criminal jurisprudence." The words "Criminal Code" in section 2 of the amendatory act of 1879 were used as a comprehensive designation of all offenses or violations of the law, whether they were incorporated in one chapter or several chapters of the statute. This further appears to have been the intention of the legislature, as section 3 of the same amendatory act is made to apply to "any misdemeanor punishable under the laws of this State."

In the case at bar the municipal court had jurisdiction of the offense charged, the punishment for which was a fine or imprisonment in the county jail, or both, and in our opinion the court, in its discretion, was authorized, under either section 10 of division 14 of the act of 1874 in relation to criminal jurisprudence or under section 2 of the amendatory act of 1879, to sentence the defendant to labor in the workhouse or house of correction.

The judgment of the Appellate Court is correct, and it will therefore be affirmed. *Judgment affirmed.*