JOHN B. HITTELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70820.   Promulgated October 24, 1935.

*John B. Hittell* pro se.
*Paul D. Page, Esq.*, for the respondent.

OPINION.

MELLOTT: In this proceeding the petitioner contests the respondent's determination of a deficiency in income tax in the amount of $301.26 for the calendar year 1930. The sole issue presented for our decision is whether the respondent erred in including in the petitioner's taxable net income for the year 1930 compensation amounting to $6,600 which he received from the Board of Local Improvements of the city of Chicago in that year.

The facts were stipulated, and we adopt the stipulation as our findings of fact. For the purposes of this report, the following summary will suffice.

The petitioner, a resident of Chicago, Illinois, during the year 1930, was employed as chief street engineer of the Board of Local Improvements of that city. He had held this position continuously since December 31, 1913, his appointment being under the classified civil service of the city of Chicago. His duties were to examine estimates and plans for street improvements, inspect construction and examine various materials entering into street and alley paving,

design pavements and their appurtenances, make assignments of paving inspectors, handle correspondence pertaining to this work, and attend conferences between the board and other city departments. His entire time was devoted to these duties and during the year in question he received an annual salary of $6,600. The deficiency here in dispute results from his failure to report this compensation as income in his Federal income tax return for the year 1930.

Section 9 of Article IX of the Constitution of Illinois, adopted in 1870, authorizes the general assembly of the state to vest the corporate authorities of cities and villages with power to make local improvements by special assessment or special taxation. Under an act of the General Assembly of the State of Illinois, approved April 10, 1872, in force July 1, 1872, to be found in Cahill's Illinois Revised Statutes, 1927, p. 312, the City Council of Chicago was authorized to " lay out, to establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same." The power so given to the city council, when all or a portion of the cost thereof is to be paid by special assessment, is exercised in the manner provided for in an act approved by the General Assembly of Illinois on June 14, 1897, entitled "An Act concerning local improvements", to be found in Cahill's Illinois Revised Statutes, 1927, p. 323 *et seq*. The Board of Local Improvements of the city of Chicago was created under that act. The act conferred upon it the power to originate schemes for local improvements, to be paid for by special assessment or special tax either with or without a petition, and charged it with the responsibility of causing an estimate of the cost to be made, conducting public hearings after notifying the owners of the property involved, and preparing an ordinance for submission to the city council. After the passage of the ordinance by the city council, the board was authorized by the act to receive bids, make the necessary contracts, fix the time for the commencement and completion of the work, and do any other act, expressed or implied, pertaining to the execution of the work, all of which was required to be done under the direction and to the satisfaction of the board. The board was also given the power to appoint an attorney, an engineer, and such assistant attorneys, engineers, clerks, inspectors, etc., as should be necessary to carry into effect the purposes of the act. The act further provided that the costs and expenses of maintaining the board be paid by the city out of its general fund.

The question to be decided in this proceeding is whether petitioner was engaged in the performance of an essential governmental function. His employment is not denied.

The Revenue Act of 1928 (secs. 21 and 22 (a)) taxes income derived from "compensation for personal service * * * derived from any source whatever." The petitioner's claim to exemption is not based upon any provision contained in this act. It rests upon the well established principle, resulting from our dual form of government, that "the instrumentalities, means and operations, whereby the states exercise the governmental powers belonging to them are * * * exempt from taxation by the United States." *Ohio* v. *Helvering*, 292 U. S. 360, and cases cited therein. Whether any particular activity of an agency or instrumentality of a state is governmental, and thus immune from Federal taxation, "is a question which compels consideration of the nature of the activity." *Helvering* v. *Powers*, 293 U. S. 214.

In support of his contention that the functions performed by the Board of Local Improvements with respect to streets are not essentially governmental, the respondent cites *Lyons* v. *Reinecke*, 10 Fed. (2d) 3; *Weightman* v. *Corporation of Washington*, 1 Black. 39; *District of Columbia* v. *Woodbury*, 136 U. S. 450; *Naumburg* v. *City of Milwaukee*, 146 Fed. 641.

In *Lyons* v. *Reinecke, supra*, the Circuit Court of Appeals for the Seventh Circuit had before it the question of whether compensation received by a real estate expert for work incident to the condemnation of property for street improvements of the city of Chicago was exempt from Federal income tax. Action had been brought in the District Court of the United States for the Eastern District of Illinois to recover tax claimed to have been illegally extracted from him for the year 1920. The District Court sustained a demurrer to his declaration and such ruling was sustained by the Circuit Court.

The court, referring to the general rule that pleadings are to be construed most strongly against the pleader, held that the declaration was so indefinite and uncertain that it failed to show what work the pleader had been employed to do, or what work he did for the money received. It held that the facts, as pleaded by him, did not show whether his employment was such as to bring him within or leave him without the rule under which the compensation so received would be exempt.

The cases of *Weightman* v. *Corporation of Washington, supra, District of Columbia* v. *Woodbury, supra*, and *Naumburg* v. *City of Milwaukee, supra*, also relied on by the respondent, all involved the negligent performance by a city of its duty to maintain and repair highways. Whether a city in maintaining and repairing highways or streets is engaged in a governmental or proprietary capacity need not here be decided, as the maintenance and repair of streets is not a local improvement and is not one of the functions performed by

the Board of Local Improvements. *Crane* v. *West Chicago Park Commissioners*, 153 Ill. 348; 38 N. E. 943.

The Board of Local Improvements of the city of Chicago is " an arm or agency of the municipal government." *People* v. *Faherty*, 306 Ill. 119; 137 N. E. 506. " The powers, duties, and functions of the Board * * * are confined to investigating, recommending, and supervising such [local] improvements. * * * The power to make such improvements is vested * * * in the corporate authorities." *People* v. *City of Rock Island*, 271 Ill. 412; 111 N. E. 291.

The courts of Illinois have held that " local improvements" include the opening, grading, and paving of streets and alleys, curbing and guttering of streets, laying sidewalks, the construction of lateral, local or district sewers, the laying of lateral water mains, etc. *City of Chicago* v. *Law*, 114 Ill. 569; 33 N. E. 855; *Palmer* v. *City of Danville*, 154 Ill. 156; 38 N. E. 1067; *Gray* v. *Town of Cicero*, 175 Ill. 459; 53 N. E. 91; *Enos* v. *City of Springfield*, 113 Ill. 65; *Payne* v. *Village of South Springfield*, 161 Ill. 285; 44 N. E. 105.

In the instant proceeding it is unnecessary to decide whether or not *all* the functions performed by the Board of Local Improvements are governmental, as the petitioner's duties were confined to streets. If the board, as an adjunct of the city of Chicago, is performing an essential governmental function when it originates a scheme for the improvement of a street, estimates its cost, conducts public hearings, prepares an ordinance for submission to the city council, and, after the ordinance is passed by the city council, makes the necessary contracts and supervises the execution of the work, the petitioner's salary as an employee of this board is exempt. On the other hand, if this function is proprietary or nongovernmental, his salary is subject to taxation by the Federal Government. *Helvering* v. *Powers*, *supra*.

A street has been defined to be a highway free for all, maintained not for private gain, but for public benefit, *Carlin* v. *City of Chicago*, 104 N. E. 905, 907; 262 Ill. 564; a public highway within an incorporated municipality, *People* v. *Kyle*, 173 N. E. 75, 76; 341 Ill. 31; a public thoroughfare or highway established for the accommodation of the public generally, *Slaughter* v. *Meridian Light & Ry. Co.*, 48 So. 6, 9; 95 Miss. 251. While every street is a highway, every highway is not a street. *City of Wooster* v. *Arbenz*, 116 Ohio St. 281; 156 N. E. 210; *Debolt* v. *Carter*, 31 Ind. 355, 367. " The fundamental idea of a street is not only that it is public, but public for all purposes of free and unobstructed passage, which is its chief and primary, but by no means sole, use." Dillon—Municipal Corporations, 4th Ed., sec. 683, p. 811.

In *Atkin* v. *Kansas*, 191 U. S. 207, Atkin entered into a contract with Kansas City to construct a pavement on Quindaro Boulevard in that city, and in the performance of the work required under the contract employed one George Reese and permitted him to work more than eight hours per day. Atkin was prosecuted and sentenced under the Kansas eight-hour law. He appealed to the Supreme Court of the United States, contending that the provisions of the law deprived him of his liberty and property without due process of law. In the course of its opinion the Supreme Court said:

The improvement of the Boulevard in question was a work of which the State, if it had deemed it proper to do so, could have taken immediate charge by its own agents; for, *it is one of the functions of government to provide public highways for the convenience and comfort of the people.* Instead of undertaking that work directly, the State invested one of its governmental agencies with power to care for it. Whether done by the State directly or by one of its instrumentalities, the work was of a public, not private, character. [Italics ours.]

See also *United States* v. *King County, Washington*, 281 Fed. 686, 688.

We are of the opinion that the above quoted excerpt from the decision of the Supreme Court in *Atkin* v. *Kansas* is controlling of the issue here presented. The powers, duties, and functions with respect to streets conferred upon the Board of Local Improvements by the statute under which it was created are incidental to, and a part of the work of, providing streets for the comfort and convenience of the people of the city of Chicago, and are essentially governmental. In performing these functions the board acted through its agent or instrumentality, the petitioner. He was its chief street engineer, a position which came under the classified civil service of the city of Chicago. His employment, which had continued for 15 years, required all of his time, and he received an annual salary.

We are convinced that petitioner was an employee of an agency of the State of Illinois engaged in the performance of an essential governmental function. The respondent reached the same conclusion under a similar state of facts. In Solicitor's Opinion 145, I-2 C. B. 75, he said:

The board of local improvements of the city is a board existing under the local improvement act of the State of Illinois, the members of which are appointed by the mayor and confirmed by the city council. * * * This board is an agency of the city, and its expenses, all except such as are involved in the actual construction of the improvements, are paid out of the general corporate fund of the city (citing cases) * * *. The affidavits * * * clearly and specifically indicate that the board of local improvements not only had the right to, but also actually did, direct and control the manner and means whereby the services of the taxpayers in question were performed * * *. Such affidavits also clearly establish that the board of local improvements retained and exercised the right to control the manner and means whereby the work * * * was carried on. The employment has been con-

tinuous and such continuous employment was contemplated. The services to the city have also been practically exclusive of all other work. You are accordingly advised that the services performed by the taxpayers in the course of their employment \* \* \* were the services of employees of a political subdivision of a State and compensation received by them in such employment is not subject to Federal income tax.

It follows that the compensation received by petitioner is exempt from the Federal income tax.

*Judgment will be entered for the petitioner.*